# CHARLESTON.

### STATE *ex rel.* G. E. SPRAGUE *v.* COUNTY COURT OF GREENBRIER COUNTY.

### Submitted March 23, 1923.   Decided April 3, 1923.

1.  COUNTIES—DISTRICT AND PROSECUTING ATTORNEYS—*Employment of County Prohibition Officer by Prosecuting Attorney Held Valid; Prohibition Officer Held Entitled to be Paid out of General Funds, Though no Levy Made for Purpose.*

    The employment of one as a county prohibition officer by the prosecuting attorney, for the purpose of apprehending violators of the prohibition laws, when approved by the circuit court of the county, is valid, and  for his services so performed and expenses so incurred, when approved by the prosecuting attorney pursuant to the order of the circuit court, he is entitled to be paid out of the general county funds of the county treasury, notwithstanding the fact that the county court may have laid no levy for that purpose. (p. 485).

2.  SAME—*Accounts for Services and Expenses of County Prohibition Officer of Equal Dignity and Priority to Salaries of County Officers, and are to be Paid out of General County Funds.*

    Accounts for such services and expenses, when properly approved, are to be paid out of the general county funds and are, as claims against such funds, equal in dignity and priority to salaries of county officers and other fixed charges thereon. (p. 485).

3.  SAME—*That General County Fund Exhausted Before End of Fiscal Year no Excuse for Nonpayment of Approved Accounts of County Prohibition Officer.*

    That the general county fund may be exhausted before the end of the fiscal year by the payment of the fixed and definite charges thereon, is no excuse for the non-payment of the duly approved accounts of a county prohibition officer, lawfully employed, so long as there remains an unexpended balance in that fund. (p. 485).

4.  SAME—*Law Creating Demand Against County to Apprehend Violators of the Prohibition Laws not Contrary to Public Policy.*

    The creation of a debt or demand against the county court of a county under sec. 21, ch. 32A, Barnes' Code, 1923, for the purpose of apprehending violators of the prohibition laws is not contrary to, but pursuant to, public policy as declared by

the Acts of the Legislature dealing with the subject of prohibition.   (p. 490).

5. REWARDS—*Law Authorizing Rewards for Apprehension of Violators of Prohibition Laws not Repealed by Law Creating Office of State Commissioner of Prohibition.*

Section 21, chapter 32A, Barnes' Code, 1923, authorizing the prosecuting attorney to offer rewards for the apprehension of persons charged with crime or to expend money for the detection of crime, on the approval of the Governor or the Circuit Court of his county, is not repealed, expressly or impliedly, by section 15, chapter 32A, Code, chapter 115, Acts 1921, creating the office of State Commissioner of Prohibition.   (p. 490).

6. SHERIFFS AND CONSTABLES—*Neither Creation of State Commissioner of Prohibition, nor Employment of Prohibition Officer Relieves Sheriff From Enforcing Prohibition Laws.*

Neither the creation of the office of State Commissioner of Prohibition nor the employment by the prosecuting attorney of a county, under sec. 21, ch. 32A, Code, of a county prohibition officer, relieves the sheriff of the county from his duties of enforcing the prohibition laws.   (p. 491).

7. COUNTIES—*County Prohibition Officer not Entitled to be Paid out of County Treasury for Services or Expenses in Advance of Approval by Governor or County Court.*

Under section 21, chapter 32A, Code, one so employed by the prosecuting attorney of a county, is not entitled to be paid out of the county treasury for services rendered or expenses incurred in advance of the approval of the Governor or of the court of the county vested with authority to try criminal offenses or such judge thereof in vacation.   (p. 492).

8. MANDAMUS—*Payment of Approved Claim for Services and Expenses of County Prohibition Officer Compelled By Mandamus.*

Where a prosecuting attorney with the approval of the circuit court of his county, has employed a person to apprehend persons charged with the violation of the prohibition laws and to expend money for the detection of violations thereof, accounts for such services and expenses are duly approved by the prosecuting attorney, and are presented to the county court for payment and payment thereof is refused, though there is an unexpended balance in the General County Fund sufficient to pay the amount, this court, on application, will compel payment thereof by mandamus.   (p. 492).

Petition by the State, on the relation of G. E. Sprague,

against the County Court of Greenbrier County and others, for alternative writ of mandamus directing respondents to draw and deliver to petitioner an order for payment of his salary as prohibition officer.

*Writ awarded.*

S. M. Austin, for relator.

J. S. McWhorter, for respondents.

MEREDITH, JUDGE:

Upon the petition of G. E. Sprague, this Court awarded an alternative writ of mandamus directing the county court of Greenbrier County and E. W. Sydenstricker, H. E. Williams and A. G. Davis, commissioners thereof, to draw and deliver to the petitioner orders for the payment of his salary and expenses as a prohibition officer for the months of January and February, 1923, aggregating $497.00, or show cause, if any, why such accounts should not be paid.

The writ shows that under the authority of section 21, chapter 32-A, Barnes' Code, 1923, the judge of the circuit court of Greenbrier county on February 2d, 1923, authorized S. M. Austin, the prosecuting attorney of said county, to expend money for the detection of crime therein, with the further order that, when approved by the prosecuting attorney, any money so expended should "be paid out of the county fund in the same manner as other county expenses are paid"; that after a copy of the order of the circuit court had been certified to the county court petitioner presented two bills for services and expenses to the county court for payment, which payments were refused by that body. The first bill, presented February 6th, 1923, represented petitioner's account for January, itemized as $140.00 for services and $126.00 for expenses. Petitioner's right to this compensation accrued by reason of his having been regularly appointed a prohibition officer by W. G. Brown, State Prohibition Commissioner, and employed by Austin, the prosecuting attorney, for the month of January at the agreed salary of $5.00 per day and expenses. The second bill, presented March 6th, 1923, represented petitioner's account for February, $125.00 for services, that being the salary fixed by the prosecuting attorney for February, and $106.00 for

expenses. As before stated, the county court refused to issue an order for the payment of these accounts. On the contrary, by orders of record, dated February 6th, 1923, and March 6th, 1923, respectively, the court rejected and refused to allow petitioner's claims. The writ further recites the duty of the county court, under sec. 21, chapter 32-A of the Code, to honor petitioner's bills of account, as alleged in the petition, and concludes with a command that the county court through the respondents, its commissioners, either ''draw and deliver to G. E. Sprague, the relator, an order for the payment of his account for services rendered for the month of January, 1923, amount $140.00, and his expense account for the month of January, 1923, of $126.00, and either draw and deliver to him an order for the payment of his account for services rendered for the month of February, 1923, amounting to $125.00, and his expense account for the month of February, 1923, amounting to $106.00, which accounts are to be paid out of the county funds in the hands of the Sheriff of said county for administration; or to show cause, if any it or they have, why it, or they, should not do so.''

Exhibits filed with the petition include itemized statements of petitioner's bills of account; affidavits of petitioner and the prosecutng attorney that the amounts specified are properly owing to the petitioner and unlawfully withheld by the respondents; and a certified copy of the order of the circuit court authorizing petitioner's employment.

Two of the respondents demur to the writ and by return and answer deny the validity of petitioner's claims therein set out. Respondent H. E. Williams also answers the petition, but avers that he was not present when the orders of February 6th and March 6th, 1923, were entered; that he approves the payment of petitioner's claim and prays that the writ be granted.

Although respondents assign several reasons why petitioner's demands were properly refused, we think the defenses chiefly relied upon may be summarized as follows:

(1) The county court's estimate and levy of August, 1922, containing no provision for petitioner's compensation, and no other fund being available for the purpose, the employ-

ment of petitioner subsequent to January 1st, 1923, created no binding obligation on the county.

(2)   The attempted exercise of authority to create the debts claimed is contrary to public policy and chapter 28-A of the Code.

(3)   The statements of account filed before the county court, copies of which are exhibited, do not show affirmatively that the expenses were incurred in the detection of crime, as defined by sec. 21, chapter 32-A of the Code.

(4)   Section 21, chapter 32-A of the Code, under which petitioner claims, is in effect repealed by section 15, chapter 32-A, Code, which provides for the office of State Commissioner of Prohibition; Acts 1913, ch. 13; Acts 1921, ch. 115.

(5)   The order of the circuit court of February 2d, 1923, did not authorize the expenditure of money for the detection of crime for services rendered by petitioner during the month of January, preceding.

Petitioner files a demurrer and special replication to the return.   In them he denies that the county court was not lawfully empowered to pay the accounts for his services as a prohibition officer, and avers that the payment was not in fact refused because of any irregularity in the statements rendered or lack of funds wherewith to pay them, but because the respondents "did not believe in employing a prohibition officer for said county and that the suppression of crime and the *violation* of crime under the Prohibition Statute should be in the hands of the sheriff."

The parties being fairly at issue on all the material questions raised by respondents' return, we will consider them in the order of their recital above.

(1)   Respondents have dwelt at length, both in their pleadings and in the argument of counsel, upon the proposition that because petitioner's compensation was not provided for in the levy of the August preceding, and there being no other funds available therefor, his employment by the prosecuting attorney created no binding debt upon the county court.   To consider fully this proposition, it is necessary that all of the attendant circumstances be reviewed in some detail.   Petitioner was originally employed as prohibition officer for the county by the respondent county court, and

served in that capacity from June 6th, 1922, until January 1st, 1923, when he was discharged. The order discontinuing his services, dated December 5th, 1922, is filed as an exhibit with the return, but assigns no reason for the action taken. During the pendency of this employment, on the second Tuesday in August, 1922, in accordance with sec. 2, chapter 6, Acts 1919, (Extraordinary Session), (Barnes' Code, 1923, ch. 28-A, sec. 2), the respondent county court met in special session and prepared an estimate of the amount necessary to be levied to meet the expenses of the current fiscal year, as well as an itemized statement of the debts and demands owed by the county and which would become due and owing during the year. The total estimated expenditure for general county purposes, as shown by this statement, was $97,600, of which $10,500 would accrue from estimated receipts, and $87,100 from levy; all but $3,000 of which was shown to be required for the known obligations and fixed charges of the county. Eighty-seven thousand one hundred dollars was the maximum amount which could be levied for county purposes under the provision of sec. 2, fixing the maximum for such purposes at 30 cents on the hundred dollars valuation. No provision was made for the payment of a prohibition officer. The $3,000 over and above the fixed charges is covered by the item styled "Miscellaneous." The estimate was duly published and the levy laid accordingly.

Respondents avers that notwithstanding the absence of any appropriation therefor, they nevertheless continued the employment of petitioner so long as the miscellaneous or contingent fund furnished a means of compensation; but, they say that owing to the demands upon that fund for other purposes, petitioner's final discharge in December became necessary. They further show that while at the date of the making of the return (March 14, 1923), the general county fund shows a balance of $11,306, which will be further augmented during the fiscal year to the amount of $4,500 or $5,000, yet the fixed charges and expenses to be met during the remaining four months will more than exceed the funds available, though nothing further be paid out for petitioner's services.

Of all of these facts, it is averred petitioner and the prosecuting attorney had, or should have had, notice on February

2d, 1923, when the circuit court authorized his employment. Petitioner makes no denial of these circumstances, but in effect avers that he is not concerned therewith.

From these facts, respondents would establish the proposition that chapter 28-A of the Code forbids the county court from expending any of the general county fund for petitioner's compensation, and to this end counsel have in argument reviewed the history of county levies and expenditures, and rely particularly upon section 12 of chapter 28-A, which is in part as follows:

> "It shall be unlawful for any county court, board of education, or council of a municipal corporation, or other body charged with the administration of the fiscal affairs of any county, school district or independent school district, or municipality to expend any money or to incur any obligation or indebtedness which such fiscal body is not expressly authorized by law to expend or incur. Nor shall any such fiscal body make any contract, express or implied, the performance of which, in whole or in part, would involve the expenditure of money in excess of funds legally at the disposal of such fiscal body, nor issue or authorize to be issued any certificate, order or other evidence of indebtedness which can not be paid out of the levy for the current fiscal year or out of the fund against which it is issued. Nor shall any such tribunal attempt to lay any levy the rate whereof shall exceed the rate specified by law. Any indebtedness created, contract made or order or draft issued in violation hereof, shall be void and of no effect, and any money received thereon may be recovered from the person receiving the same by the fiscal body which created, made or issued the indebtedness, contract, order or draft."

Other paragraphs in this section provide penalties for the violation thereof and indicate the relief open to aggrieved taxpayers.

Note that it shall be unlawful for a county court to expend money in a manner not authorized by law or "to make any contract, express or implied, the performance of which, in whole or in part, would involve the expenditure of money in excess of funds legally at the disposal of such fiscal body,

nor issue or authorize to be issued any certificate, order or other evidence of indebtedness which can not be paid out of the levy for the current fiscal year or out of the fund against which it was issued.'' This language has been substantially unchanged since its enactment into law in 1908. Acts 1908, ch. 9, §9. Respondents urge that to meet the demands of petitioner, they would be guilty of expending money not authorized by law, and of making a contract involving the expenditure of money in excess of funds legally at their disposal. As to the first, it is only necessary to say that there is no attempt on the part of the petitioner, the prosecuting attorney or the circuit court to have the county court expend funds not authorized by law. Sec. 21, chapter 32-A, under which plaintiff's appointment was authorized, expressly provides that the compensation of one so employed shall be ''paid out of the county fund in the same manner as other county expenses are paid.'' The county fund, by respondent's admission, shows a balance of over $11,000, and that it was raised lawfully is not questioned. In advancing the argument that the payment of the money here claimed, would amount to the making of a contract involving expenditures in excess of funds legally at their disposal, respondents' reasoning in argument and their language in the return are not aptly applied. In the return we find the following expression: ''Had the circuit court of Greenbrier County known the facts concerning the funds of said county it is hardly probable that he would have made said order. Respondent denies the right of said court to authorize the making of any contract, express or implied, by any person or authority, the performance of which would involve the expenditure of money in excess of funds legally at the disposal of respondent to be a charge against this respondent or the county of Greenbrier.'' Evidently, respondents had in mind the inhibitive provisions of sec. 12, ch. 28-A, quoted above. We are of opinion that the prohibition of that section has no application to this case. Its language clearly applies only to the fiscal bodies therein described: ''Nor shall any such fiscal bodies make any contract,'' etc. Had the county court here attempted to make a contract for the hire of a prohibition officer in excess of funds available, the statute referred to may

have had some application. It has no reference to an appointment made by the prosecuting attorney or circuit court. Furthermore, section 21, chapter 32-A, in express words provides that a prohibition officer appointed in pursuance thereof shall be compensated out of the county fund as other expenses are paid. That other expenses to be paid out of the county fund are to be paid promptly, if there be funds available, there can be no doubt. This is distinctly required by sec. 40, ch. 39, Code:

> "Every person having a claim or demand against a county, shall file with the clerk of the county court thereof an account or statement of the same, fully setting forth the items; and where the claim or demand is for services for which no rate or compensation is fixed by law or by such court, the number of days occupied in such services. The clerk shall present such account or statement to such court at its *first* meeting thereafter, which shall allow the whole or such part thereof as they may deem just, or disallow the whole."

Of course, the county court had no discretion as to the amount of the compensation to which petitioner was entitled, nor do they claim that right. That is a matter for the prosecuting attorney and circuit court to decide.

We are not without authority in reaching our conclusion in regard to this phase of the case. In *State ex rel. White Oak Fuel Company* v. *Davis, Sheriff,* 74 W. Va. 261, 82 S. E. 207, the relator held orders issued by the county court of Fayette County in the years 1910, 1911 and 1912, and on November 26, 1913, under authority of sec. 16, ch. 41, Code, presented them to respondent Davis, the sheriff, in payment of taxes for that year. The sheriff refused to accept them and relator sought a writ of mandamus in this court to compel him to do so. It was shown that respondent held proper funds sufficient to pay the orders, but as here, it was argued that the diversion of the funds raised for the year 1913 to the payment of these back orders would improperly thwart the purposes for which the levy of 1913 was laid. The majority of the court, after reviewing the provisions of sec. 9, ch. 9, Acts 1908, in a manner similar to that in which we have

alluded to them, held that a "sheriff, having in his hands, actually or constructively, funds, applicable to the payment thereof, is bound to receive lawfully drawn county and district orders from a taxpayer in satisfaction of his state, county and district taxes, if such orders are due and owned by the taxpayer." But, it may be argued that in that case the demand was not made on the county court but upon the sheriff, a ministerial officer, who had no discretion as to the paying out of funds in his hands, when presented with a lawful order or warrant of the proper fiscal body. In a similar case, *State ex rel. Trust Company* v. *Melton, Sheriff,* 62 W. Va. 253, 57 S. E. 729, the county court intervened in the action, and entered similar grounds of defense. Its contention was denied by this court, largely upon the principle that having once issued the warrants, its discretion as to their correctness ceased. Likewise here, though no warrants have been issued, a lawful demand has been presented, the amount of which is not the county court's concern, and that body has no election but to authorize its payment out of the proper funds. That this may effect a diversion of part of the funds from the purposes set out in the estimate upon which they were raised is not a proper argument. The statute says that such an expenditure is a proper charge against the county funds; that is sufficient authority.

2. The second point raised, that the payment of petitioner's accounts is contrary to public policy and chapter 28A of the Code, necessarily involves questions already considered. Public policy varies with the habits and fashions of the day, and at best is an unreliable basis for judicial decision. Courts must look for it so far as possible in the "Constitution and laws and the course of administration and decision." Ch. Jus. Chase in the License Tax Cases, 5 Wall. (U. S.) 462. Chapter 28A of the Code, amended in all of its sections at the 1919 or 1921 sessions of the Legislature, is our best guide as to the public policy involved here, and we are unable to discover anything in it repugnant to sec. 21, of ch. 32A. The latter chapter also was thoroughly revamped at the same sessions of the Legislature, but sec. 21 was unmolested. It stands the same as when first enacted in 1913. Acts 1913, ch. 13, sec. 21. Chapter 28A is entitled "Tax

Levies,'' and fixes the methods to be pursued by various fiscal bodies. Neither by express words nor by implication does it touch the powers of the circuit court or prosecuting attorney as to the appointment of prohibition officers.

3. Respondents further argue that the statements of account which petitioner presented to respondents for salary and expenses fail to show affirmatively that the expenditures were incurred in the detection of crime under the statute. Petitioner in his replication denies that this objection was raised when the bills were presented, and indeed we do not see how it could have been. The statements were detailed, showing the exact dates on which the accounts accrued and for what purpose. The statement for February services reads: ''To services rendered as Prohibition officer from Feby 1st to Feby 28th inclusive 1923. $125.00.'' All of the statements bear the approval of the prosecuting attorney. Section 40 of chapter 39, already quoted in this opinion, states what is necessary to be shown in bills rendered against the county court, and it has been fully complied with here. The order of the county court of March 6, 1923, recites that the statements of account for February were ''bills for the detection of crime,'' and that they were ''approved by S. M. Austin, Prosecuting Attorney of Greenbrier County.'' This contention of respondents merits no further discussion.

4. It is contended that it is the duty of the sheriff and his deputies to enforce the prohibition laws; so it is. They are in no wise relieved from this duty because provision is made for additional assistance in the manner attempted here. If an additional policeman is provided in a city, this does not excuse those already on the force from performing their duty; and the employment by the prosecuting attorney of a prohibition officer under authority of the circuit court does not in any wise relieve the sheriff and his deputies or any other police officers from performing their duty in enforcing the same laws. A sheriff, under such circumstances, can not shift the burden to the prohibition officer; but he frequently needs all the assistance he can command, and the prohibition officer so provided is for the purpose of supplementing, not duplicating, the work of the sheriff. The prohibition laws are worse than useless if they are not reasonably enforced

and the Legislature by its enactment determined that lack of enforcement could not be excused for want of funds, nor because the sheriff and his deputies might have too many other duties to perform to enforce them. But respondents would now shift this responsibility and lay the brden on the shoulders of the State Commissioner of Prohibition. We do not think the Legislature intended, by creating this office, to relieve the various counties from doing their share in enforcing the prohibition law. The funds placed in his hands for that purpose would be wholly inadequate. His work is mainly supervisory. He can aid where aid is needed, but he but supplements the work of the various county officers. It is wholly unreasonable to expect him to do this work alone and it was not so contemplated by the Legislature. There is nothing in the statute creating his office and defining his duties which in any wise, either directly or by implication, effects a repeal of section 21, chapter 32A, which authorizes the expenditures of the moneys in question here.

5.  We think the fifth objection, to payment of that part of petitioner's demand for services rendered and expenses paid prior to the entry of the order by the circuit court is well founded. It appears to us that the statute must be construed to operate prospectively; that before one can be paid out of the county treasury for services rendered or expenses incurred under section 21, chapter 32A, Code, the expenditures must first be approved as therein specified. The rewards offered or the moneys expended are offered or expended by the prosecuting attorney of the county, but he must have either the approval of the Governor of the state or of the court or judge of the county vested with authority to try criminal offenses, and we think this approval should be had before the expenditure is incurred, not afterward. For this reason we are of opinion that petitioner is not entitled to be paid out of the county treasury for the month of January, 1923. However, for his services rendered and expenses incurred since the entry of the order of the circuit court of Greenbrier County, approving the expenditures, under date of February 2, 1923, he is entitled to be so paid, and a writ will issue directing the respondents to pay him therefor.

*Writ awarded.*