# CHARLESTON.

W. B. MORAN, HARLAND W. MILLER and C. B. LINN, *Petitioners, v.* PAUL E. AMOS, *Director of Finance the City of Fairmont, et al., Respondents*

(Nos. 6158, 6158-A, 6158-B)

Submitted November 23, 1927. Decided November 29, 1927.

1. MUNICIPAL CORPORATIONS—*Appointive Officer of Fairmont May Receive Compensation as City Employee in Addition to Official Salary on Proper Action by Board (Fairmont City Charter, §§ 23, 30).*

   Under section 23 of the charter of the city of Fairmont, an appointive officer may also become an employee of the city and receive compensation for such employment in addition to his official salary, if the consent of the Board of Directors has been duly given by proper resolutions passed by it. (p. 542.)

   (Municipal Corporations, 43 C. J. § 1152.)

2. SAME—*Chief Engineer at Fairmont's Pumping Station is Not Appointive Officer or Agent, and May be Paid for Performing Other Duties Required (Fairmont City Charter, §§29, 30).*

   The chief engineer at the city pumping station of said city is not an appointive officer or agent within the meaning of section 29 of the charter of said city, and the Board of Directors of the city may, by proper resolution, require him to perform other duties than that of chief engineer and pay him therefor. (p. 545.)

   (Municipal Corporations, 43 C. J. § 1152.)

3. SAME—*City's Board of Directors May Employ Day Laborers For City and Pay Reasonable Wage (Fairmont City Charter, § 29).*

   The Board of Directors of said city may employ day laborers in the city service and pay them a reasonable wage for each day served by them. (p. 544.)

   (Municipal Corporations, 43 C. J. § 1625.)

4. SAME—*Insufficiency of Appropriation for Current Year to Pay Some Officers and Employees in Future Held no Excuse for Nonpayment for Services Performed.*

   That the sum appropriated and set apart to pay the fixed charges of the city for the current year will not at some

time in the future be sufficient to pay for services rendered by some of the officers and employees legally appointed and serving, is no excuse for the non-payment for services of such officers and employees already performed where there remains sufficient money in the treasury appropriated for that purpose.   (p. 544.)

(Municipal Corporations, 28 Cyc. p. 1567.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Original proceedings by the State, on the relation of W. B. Moran, of C. B. Linn and of H. W. Miller, for writs of mandamus to be directed to Paul E. Amos, Director of Finance of the City of Fairmont, and others.

*Writs awarded.*

*James A. Meredith* and *Albert J. Kern,* for relators.
*H. R. Cronin,* for respondent Amos.

LIVELY, JUDGE:

The three petitioners, W. B. Moran, C. B. Linn and H. W. Miller, seek to compel by the peremptory writ of mandamus Paul E. Amos, Director of Finance and Treasurer of the City of Fairmont, Arthur G. Martin, Mayor and Director of Public Welfare of said city, Geo. H. Shomaker, Director of Public Highways, and J. Clyde Morris, Director of water, to properly sign and execute vouchers or warrants for the payment of certain sums claimed to be due them respectively from the treasury of said city. The relief is really sought against the treasurer, the only one of the respondents whose duty it is to issue the desired warrants.

Wm. B. Moran is chief of police and jailer and asserts that there is due from said city to him as jailer $25.50, for the period beginning October 5, 1927, and ending October 31, 1927. Linn is the pumper at the city pumping station, hired at $5.50 per day and claims to have worked every day during October 1927, and that there is a balance owing him of $35.62 which Amos, the city treasurer, has refused to pay on the ground that he has no authority to do so under the city charter. Miller is serving as chief engineer and chief me-

chanic at the city pumping station and avers that he was
employed at $125.00 per month as chief engineer, and $75.00
per month as chief mechanic, and that there is due him a
balance of $64.10 for October 1927, as chief mechanic, which
sum Amos refuses to pay him for like reason given for refusal
to pay Linn and Moran. The substance of the return of the
city treasurer, the only return made to the alternative writs,
is that the sums sought to be paid cannot be paid under the
provisions of the city charter which fixes the maximum sums
to be paid to its officers and agents, and that the resolutions of
the Board of Directors fixing compensation for the service
of petitioners are void and without authority of law; where-
fore, he was justified in refusing to issue warrants in pay-
ment. There is no denial that the services were performed
or that the sums claimed are not correct or due, if the employ-
ments were legal, only that there is no authority of law for
their payment. Both parties agree that the granting of the
relief sought depends upon the provisions of the city charter,
and whether the resolutions of the directors hereinafter set
out were authorized and valid thereunder.

The city charter vests all the corporate powers in four
directors designated as ''The Board of Directors of the City
of Fairmont.'' The members of this board are the persons
above named as respondents. The provisions of the charter
pertinent to the issues here, are contained in sections 23, 29
and 30. Section 23 provides: ''All appointive officers shall
hold their offices for the term of four years (unless sooner
removed as herein provided), and until their successors are
appointed and qualified. No appointive officers of the city
shall hold two official offices with the city at the same time,
nor shall become the employee of the city in any other capac-
ity, except by the consent of the Board of Directors shown
by resolution.'' That part of section 29 applicable here is:
''The salaries of the appointive officers shall be fixed by the
Board of Directors and paid monthly, as the services shall
have been rendered * * *; the salary of the chief of police
shall not exceed $1,800.00 per year * * *; the salary of no
other appointive officer or agent not herein specifically lim-
ited shall exceed $1,500.00 per year.'' Section 30 says:

"The Board of Directors shall, by ordinance, fix the salary of all appointive officers, subject to the limitations herein prescribed."

It appears that the city owns and operates its water system and the expenses of its operation, including the salaries of the officers connected therewith, are paid by revenue derived from its operation.

On September 19, 1927, the Board of Directors adopted resolutions, one of which designated certain occupations and employments in the city service and defined the duties pertaining thereto. This resolution provided for a chief engineer at the city pumping station, and prescribed his duties in the operation and care of the city pumping station. It also designated as an employment, the place of chief mechanic at the city pumping station and prescribed the duties under that employment to be the care and operation of the machine shop at the pumping station and the keeping in repair of the pumps and property thereat under the supervision of the director of water. This resolution affects the rights of petitioner Miller, who was employed as chief engineer of the city pumping station, and also required by resolution of the board to act as and perform the duties of chief mechanic at said station. By a resolution of the same date, it was provided that the compensation of the chief engineer at the city pumping station should be $125.00 per month, and the compensation of the chief mechanic at the said station $75.00 per month. By that resolution pumpers at the city pumping station were to receive $5.50 for each day actually employed. This part of the resolution affects the rights of petitioner Linn. By another resolution of the same date, the board consented that certain employees of the city might hold more than one occupation and employment at the same time in the service of the city pursuant to the authority given it by section 23 of the charter above set out; and this resolution provided that the person employed as chief engineer at the city pumping station, Harland W. Miller, shall also be chief mechanic at the city pumping station. Also another resolution of the same date was passed under the provisions of section 23 of the charter which fixed the compensation of the

appointive officers in the service and designated the salary of the chief of police at $150.00 per month, and the salary of the city jailer at $30.00 per month, and by another resolution authorized and directed that the functions of more than one appointive officer in certain instances be in one and the same person therein, and among other designations of like character, authorized and directed that the person holding the office of chief of police (William B. Moran), shall also discharge the duties of city jailer.

It is upon these sections of the charter and these resolutions that the petitioners assert a clear legal right to the payment of the sums due them. On the other hand, Amos, the city treasurer, contends, that the sections of the charter set out, do not authorize the payments, nor did the board have the right and power to pass and make effective said resolutions.

### Moran's Case

Moran served as chief of police for the month of October 1927, and was paid the salary authorized by the charter and resolutions of $150.00, for that service. Under the resolution designating him to serve as jailer, he performed the duties of that employment from October 5 to October 31, 1927, inclusive, for which there is due him $25.50 and it is this latter sum which has been refused by Amos under the claim that the board had no right to employ him as jailer and give him $30.00 per month for that service, and that the resolution was a mere subterfuge to increase his salary as chief of police to $180.00 per month, whereas, the charter fixes it at $150.00 per month. Moran is an appointive officer, and section 23 of the charter provides that such officer cannot hold two official positions with the city at the same time. It does not appear that the office of jailer is an appointive office. See *Key* v. *Bond, Auditor,* 94 W. Va. 255. It is not designated as such in the charter and we think it entirely within the discretion of the board to give its consent to the employment of the chief of police in some other capacity except that of chief of police. The latter part of the section in plain terms authorizes this to be done. We think it is entirely within the discretion of the board to employ him in the

capacity of jailer at the same time he was serving as chief of police and there is nothing here to show that the discretion of the board has been abused in that regard. By the affidavit of J. Clyde Morris, one of the directors and serving as the head of the department of water, filed in support of the petitioners, it is shown that the expenses of the city government have not been increased by the virtue of the resolution passed.

## *Miller's Case*

Miller served as chief engineer at the pumping station for the month of October 1927, at $125.00 per month, as chief engineer, which has been paid to him and he was also employed as chief mechanic at the pumping station at $75.00 per month and for which service he has not been paid and there is a balance of $64.10 due him which the city treasurer refused to pay for reasons above assigned. The city treasurer, in his return, bases the refusal to pay for Miller's service as mechanic at the pumping station under that part of section 29 of the charter which says: "The salary of no other appointive officer or agent not herein specifically limited shall exceed $1,500.00 per year." It is very doubtful if Miller can be considered as an appointive officer. He serves under the director of water, and is subject to his control. The employment of the chief engineer at the pumping station is not designated as an appointive office by the charter; but whether he is a mere employee or whether an appointive officer, it is clearly within the letter and spirit of the charter that the governing board of the city would have discretion to employ him in some other capacity than that of chief engineer at the city pumping station. His duties as chief engineer are not prescribed in any manner by the statute, and it is clearly within the discretion of the board to designate his duties as such, and at the same time designate the duties of the chief mechanic at the pumping station. We can see nothing in the statute which prevents him from serving in these two employments, performing the duties of each, and receiving the compensation decided upon by the municipal authorities. The affidavit of Morris, the managing director of the water system, is that the employment of Miller spells

economy, for in that way the services of a competent man are secured, and if the duties were divided between two men, competent persons could not be secured for the sums allotted.

### Linn's Case

Linn was employed as pumper at the pumping station at $5.50 per day for each day he worked and there is a balance due him for services rendered during the month of October of $35.62. He was employed by the board as a day laborer for that sum and we can see no reason why he should not be paid. There is no claim that he did not perform service. Clearly he is not an appointive officer, merely an employee, and is not prohibited from receiving more than that sum per day, under section 29 of the charter.

The return says that there has not been sufficient money appropriated and set aside by the budget covering expenses of the current year, a sufficient amount to pay for the services of the relators together with the other expenses of the city, but nowhere does it charge or intimate that there is not now sufficient funds in the city treasury to pay the sums due them and sought to be enforced by mandamus. On the contrary, the affidavit of Morris, managing director of the water system, and who is now serving his third term as such, and who says he is familiar with the affairs of the city government, is that the income from the water plant is and has always been sufficient to pay for its operation, and that there is now in the city treasury ample funds to pay for the services rendered by the relators. That the pay for the future services of these petitioners may fail because of lack of money appropriated, is no reason why they should not be paid for the services which they have already rendered, and for the payment of which there is sufficient sums in the treasury. This same defense was set up and relied upon in *Sprague* v. *County Court*, 93 W. Va. 481, where it was held ''That the general county fund may be exhausted before the end of the fiscal year by the payment of the fixed and definite charges thereon, is no excuse for the non-payment of the duly approved accounts of a county prohibition officer, lawfully employed, so long as there remains an unexpended balance in that fund.''

The petitioners having shown a clear legal right to be paid
for the service performed by them, as above set out, the
peremptory writs will be awarded without costs against the
Board of Directors or any member thereof.

*Writs awarded.*