STATE *ex rel.* OVAL DAMRON, PROS. ATTY., LOGAN Co.

*v.*

J. W. (JACK) FERRELL, JR., SHERIFF AND TREAS., LOGAN Co.

(No. 12486)

Submitted July 13, 1965. Decided July 27, 1965.

774

*Estep, Smith & Eiland, Thomas S. Smith, Jr.,* for relator.

*Phillips & Wilson, Robert D. Phillips, Amos C. Wilson,* for respondent.

BROWNING, PRESIDENT:

Petitioner, Prosecuting Attorney of Logan County, filed his original application in this Court praying for a writ of mandamus commanding the respondent, Sheriff and Treasurer of Logan County, to affix his signature or endorsement to a certain pay order or warrant. The petition, in substance, alleges the identity of the parties and the necessity of respondent's signature to secure payment of orders issued by the county court. The petition then alleges that: it became necessary for petitioner to employ an investigator and, on March 25, 1965, he employed one James B. McIntyre for that purpose; the county court, on April 5, 1965, authorized an expenditure of funds for such investigation; Mr. McIntyre conducted such investigation and submitted a statement, with supporting documents, in the amount of $1,379.91, for services rendered and expenses from March 26, 1965, to June 8, 1965; this statement was approved by petitioner and duly approved by the county court which issued its order thereon and transmitted the same to the respondent for his endorsement; and, respondent refuses to endorse or sign such order. Attached to the petition as exhibits are: the order of the county court of April 5, 1965, authorizing an expenditure, not to exceed $5,000, by the prosecuting attorney to conduct an investigation; the itemized statement and supporting papers of Mr. McIntyre, and petitioner's approval of same; and, a duplicate of the order of the county court payable to Mr. McIntyre in the sum of $1,379.91.

This Court issued a rule to show cause why the writ should not issue as prayed for, returnable July 13, 1965,

at which time respondent appeared and answered, the pertinent allegations of which are: respondent has not refused to sign such order but merely questions the legality thereof; the order of the county court of April 5, 1965, is invalid in that it does not show on its face the matters to be investigated and, also, petitioner has an investigator on his staff and the hiring of an additional investigator is improper; the pay order of the county court is invalid for the reason that it contains payment for services rendered on March 26, 27 and 28, 1965, prior to the purported authorization thereof on April 5, 1965, and does not contain a proper endorsement by the president of the county court as required by Code, 12-3-18, as amended; and, admits that adequate funds are available to pay the amount ordered. Filed as exhibits with the answer are a letter of respondent directed to petitioner, dated July 6, 1965, advising him that respondent does not refuse to honor the pay order but merely questions its legality for the reason that the order covers services rendered on March 26, 27 and 28, 1965; petitioner has an investigator on his regular staff; and, respondent is therefore returning the order to the county court for further consideration; and a copy of an order of the county court entered August 7, 1964, authorizing the petitioner to employ one Charles T. Bailey on a permanent basis as an investigator of crime.

Petitioner demurred to the answer of respondent on the grounds that the answer is not responsive to the petition and constitutes no defense thereto; contains superfluous matter; and, the respondent may not lawfully refuse to endorse a pay order of the county court. The case was submitted on the pleadings and briefs of the parties, without oral argument.

The commissioners of a county court are constitutional officers and the powers granted to such court are very broad and contained generally in Article VIII, Section 24 of the Constitution of this State. Among other powers, it is therein stated that ". . . They shall also, under such regulations as may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their

counties, . . . ." Within the limits of that constitutional provision the legislature has seen fit to give county courts extensive authority and duties. See, Code, 7-1-1, 3 and 5, as amended. Likewise a sheriff is a constitutional officer and by statute, Code, 7-5-1, that official is also ex officio the county treasurer. Code, 7-5-4, provides that "No money shall be paid by the sheriff out of the county treasury except upon an order signed by the president and clerk of the county court, and properly endorsed: . . . ." In *Spurlock* v. *West Virginia,* 52 F. 382, it was held that a county of this state has no other mode of paying claims against it except by orders drawn upon the treasury and directed to the sheriff, the ex officio treasurer.

The applicable statute involved, under the pleadings and exhibits filed therewith, is Code, 7-4-2, as amended, which provides, in part, that: "The prosecuting attorney of any county, with the approval of the county court, or of the governor, or of the court of the county vested with authority to try criminal offenses, or of the judge thereof in vacation, may, within his discretion, offer rewards for the apprehension of persons charged with crime, or may expend money for the detection of crime. Any money expended under this section shall, when approved by the prosecuting attorney, be paid out of the county fund, in the same manner as other county expenses are paid. . . ." It is clear from this section that the prosecuting attorney of any county of this state, with the approval of either the county court, the governor, or the judge of a court vested with the jurisdiction in criminal cases, may employ a person for the purpose of detecting crime within his county and that section provides that any money expended in this manner shall "be paid out of the county fund, in the same manner as other county expenses are paid. . . ." The sheriff of a county, in making payment of such expenditures upon a proper order of payment by the county court, is acting in an administrative capacity and has no discretion with regard to making such payment if the order of payment be legal.

The general rule is that the writ of mandamus will not issue unless three elements coexist—(1) the existence of

a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and, (3) the absence of another adequate remedy at law. *State ex rel. Zagula v. Grossi,* 149 W. Va. 11, 138 S. E. 2d 356; *State ex rel. McDaniel v. Duffield,* 149 W. Va. 19, 138 S. E. 2d 351; *State ex rel. Bronaugh v. City of Parkersburg,* 148 W. Va. 568, 136 S. E. 2d 783; *State v. Arthur,* 142 W. Va. 737, 98 S. E. 2d 418. However, mandamus will not lie to compel the performance of an illegal or unlawful act. 12 Michie's Jurisprudence, Mandamus, §3; *State ex rel. City of Huntington v. Heffley,* 127 W. Va. 254, 32 S. E. 2d 456; *Pardue v. County Court,* 105 W. Va. 235, 141 S. E. 874. The respondent in his answer in this proceeding states that he "has not refused to sign such order but merely questions the legality thereof;". The petitioner, by demurrer to the answer, admits all allegations well pleaded therein including the allegation that certain of the services rendered by Mr. McIntyre, investigator, were rendered on March 26, 27 and 28, 1965, whereas the order of the county court authorizing payment for such investigation was not entered until April 5, 1965. This also appears from the itemized statement attached to the petition, which shows that one and three-fourths hours of service, at a rate of twenty dollars per hour and thus amounting to thirty-five dollars, was performed on those dates and included in the total charges of $1,379.91.

In *Sprague v. County Court,* 93 W. Va. 481, 117 S. E. 135, the judge of the Circuit Court of Greenbrier County, on February 2, 1923, authorized the prosecuting attorney of that county to expend "money for the detection of crime therein", and on February 6, 1923, the investigator presented to the county court an itemized statement for services rendered, but $140.00 of the amount for services and $126.00 for expenses had been incurred prior to February 2, the date the judge authorized the prosecuting attorney to employ such investigator. The commissioners of the county court refused payment of the claim and the investigator, in an original proceeding in mandamus in this Court, sought to have the members of the county court directed to order

such payment of his salary and expenses. The writ was awarded; however it was molded and directed the respondents to make payment only for such sums as the petitioner had earned subsequent to February 2, the date the judge approved the prosecutor's appointment of the investigator. The Court said in the opinion: "We think the fifth objection, to payment of that part of petitioner's demand for services rendered and expenses paid prior to the entry of the order by the circuit court is well founded. It appears to us that the statute must be construed to operate prospectively; that before one can be paid out of the county treasury for services rendered or expenses incurred under section 21, chapter 32A, Code, [now Code, 7-4-2, as amended] the expenditures must first be approved as therein specified. The rewards offered or the moneys expended are offered or expended by the prosecuting attorney of the county, but he must have either the approval of the Governor of the state or of the court or judge of the county vested with authority to try criminal offenses, and we think this approval should be had before the expenditure is incurred, not afterward. For this reason we are of opinion that petitioner is not entitled to be paid out of the county treasury for the month of January, 1923. However, for his services rendered and expenses incurred since the entry of the order of the circuit court of Greenbrier County, approving the expenditures, under date of February 2, 1923, he is entitled to be so paid, and a writ will issue directing the respondents to pay him therefor." This Court cannot distinguish its holding in the *Sprague* case from the facts in this case. Contained in the order of payment of $1,379.91 is the sum of $35.00 admittedly for services rendered prior to the approval of the county court of the prosecuting attorney's recommendation that Mr. McIntyre be employed as an investigator and detector of crime in Logan County. It is for the reason that this sum was included in the total amount and for that reason only that this Court will refuse the writ. Had that sum not been included therein the writ would have issued. For otherwise the respondent sheriff and ex officio treasurer of Logan County would have had no discretion but to honor the payment order of the county court of that county. In

this regard the writ sought cannot be molded as in the *Sprague* case inasmuch as the County Court of Logan County, the only body that can issue a lawful pay order in this case, is not made a party hereto.

*Writ refused.*