FAIRLAWNS HOMES, INC., *a corporation*

*v.*

THE CITY OF MORGANTOWN, WEST VIRGINIA, *etc., et al.*

(No. 12963)

Submitted May 4, 1971.          Decided June 22, 1971.

*Michael Tomasky, Robert B. Stone,* for appellant.

*Frank J. DePond, William A. Moreland,* for appellees.

BROWNING, JUDGE:

This is an appeal by Fairlawns Homes, Inc., a corporation, petitioner below, in a mandamus proceeding instituted in the Monongalia County Circuit Court against the City of Morgantown, a municipal corporation, and the Common Council of said city.

Fairlawns Homes, hereinafter referred to as appellant, is the owner of a subdivision known as Pheasant Hills in Morgantown. In February of 1965, appellant began plans to subdivide and, pursuant thereto, appeared before the Morgantown Planning Commission to seek approval of its plat in order to comply with the Morgantown Subdivision Ordinance adopted in 1957. As a result of suggested changes and improvements by the Commission, appellant revised its plat on two occasions. Its final plat was approved by the Commission on July 8, 1965. One of the streets on that approved plat is Lakeland Avenue, and, according to appellant, the Commission assured it that it would have access from Lakeland Avenue to the public streets and sewers of Morgantown.

Thereafter, land lying to the north and east of Pheasant Hills was purchased by the Morgan Development Company. Within this area, that company laid out a subdivision known as Oakview Addition. In order for there to be access from Lakeland Avenue to the public streets and sewers of Morgantown, such access would have to be through a small piece of land owned by Morgan Development Company. Appellant contends that this street is a public street within the city limits and, as such, should be made accessible to the public.

The Morgantown Subdivision Ordinance of 1957 provides that anyone subdividing within the city or entirely or in part within three miles of the nearest city limit must comply with its provisions. Morgan Development has not filed a plat complying with the ordinance even though Oakview Addition lies wholly within the three-mile limit. Thus, on June 19, 1969, appellant filed a petition

for a writ of mandamus in the Monongalia County Circuit Court to compel appellees to enforce the ordinance by requiring Morgan Development to extend Lakeland Avenue across its lands, or, in the alternative, to compel respondents to condemn the necessary property for the extension. Upon a rule to show cause, testimony was taken, and on December 2, 1969, the writ was denied on the ground that the subdivision ordinance was repealed by the enactment of the Morgantown Zoning Ordinance in 1959. We granted an appeal on May 25, 1970, and on May 4, 1971, the case was submitted for decision upon briefs and oral argument of counsel for both sides.

Appellant assigns as error the court's ruling as a matter of law that the zoning ordinance repealed the subdivision ordinance, thereby rendering the planning commission without authority beyond the city limits; the court failing to grant appellant one of the alternatives sought in its petition in that the "critical" portions of land involved lie within the city limits, thereby giving the commission jurisdiction under both ordinances; and other errors apparent on the face of the record.

One of the issues in this case as presented by appellant is whether the subdivision ordinance of the City of Morgantown as passed in 1957 is in effect, or, as held by the circuit court, whether it was repealed by the zoning ordinance of 1959. Under the subdivision ordinance of 1957 any person subdividing land within the city or within three miles of the nearest city limit must file a plat properly approved by the planning commission. The Urban and Rural Planning and Zoning Act of 1959, according to appellee, restricted this extra-territorial power upon the adoption of a municipal comprehensive plan or the enactment of any amendment to any part thereof. Code, 8-5-3 (8), as amended, provides:

> 8. "Comprehensive plan" means a complete comprehensive plan or any of its parts such as a comprehensive plan of land use and zoning, of thoroughfares; of sanitation; of recreation, and

other related matters, and including such ordinance or ordinances as may be deemed necessary to implement such complete comprehensive plan or parts thereof by legislative approval and provision for such regulations as are deemed necessary and their enforcement.

The 1959 zoning ordinance, referring to the planning commission, states:

[T]he commission shall have power and authority to approve all plats and replats within the City of Morgantown.

According to appellee, the zoning ordinance of 1959 is part of a comprehensive plan as defined by Code, 8-5-3 (8), as amended, and thus the zoning ordinance of 1957 was repealed. On the other hand, appellant contends that the 1959 zoning ordinance did not repeal the 1957 subdivision ordinance. This is the section of the 1959 zoning ordinance upon which appellant relies:

§3. NON-INTERFERENCE WITH GREATER RESTRICTIONS OTHERWISE IMPOSED.

It is not intended by this ordinance to interfere with or abrogate any easements, covenants, or other agreements between parties; *nor any ordinances, other than expressly repealed hereby;* nor any rules, regulations or permits previously adopted or issued, or which shall be adopted or issued and not in conflict with any of the provisions of this ordinance; except that, where this ordinance imposes a greater restriction upon the use of buildings or land, or upon the height of buildings, or requires larger open spaces or greater lot area per family, than are required or imposed by such easements, covenants or agreements between parties, or by such ordinances, rules, regulations or permits, the provisions of this ordinance shall control. (Emphasis added.)

The appellant contends that because of this language the subdivision ordinance has not been repealed by any provision of the zoning ordinance.

The trial court here found "as a matter of fact that by reason of the Zoning Ordinance enacted by the City of Morgantown on November 3, 1959, the subdivision ordinance passed on April 1, 1957, was and continues to be repealed and of no further force and effect." The statute above quoted does not provide that upon the adoption by a municipal council of a "comprehensive plan" that *all* relative ordinances in effect are automatically repealed. It specifically provides that it was "not intended . . . to interfere with or abrogate . . . any ordinances, other than expressly repealed hereby." The April 1, 1957, subdivision ordinance was not expressly repealed by the 1959 zoning ordinance, and it is the view of this Court that the final order of the trial court was in error in so finding in view of the express language above quoted.

This Court is of the opinion that the trial court was correct in dismissing the petition in mandamus and in denying the appellants the relief sought in the mandamus proceeding. It is true as alleged in the original petition in mandamus and as shown by plats which were made a part of the record in this case that Fairlawns is unable to extend Lakeland Avenue so that it will have access to the public streets and sewers of Morgantown because Morgan Development owns a small strip of land over which Lakeland Avenue would have to be extended to achieve that purpose. It must be remembered, however, that mandamus is an extraordinary proceeding and lies only when a clear legal right thereto is clearly shown by the one who seeks such relief. The controversy here is primarily, if not wholly, between two private corporations, Fairlawns Homes, Inc., and Morgan Development Company. In this proceeding, Fairlawns seeks to have the city council do what Fairlawns itself apparently cannot by private negotiations achieve with Morgan Development. If Morgan Development had begun subdividing the area across which Lakeland Avenue must pass and had failed to comply with the applicable ordinances and statutes and the city council had refused to require that corporation to so comply, mandamus would lie; but the record is clear to the effect that Morgan Development had submitted no

plans to the council or made any effort to subdivide the area in question, that is, that part of its land over which Fairlawns seeks to extend Lakeland Avenue. Therefore, it is the view of this Court that mandamus will not lie to require the Common Council of the City of Morgantown to do that which it has no authority to do, that is, require one corporation to permit another corporation to extend a street or avenue over a portion of its land which lies undeveloped and where its owner has no plans for so doing.

This Court has repeatedly laid down the rule that a writ of mandamus will not issue unless three conditions prevail, and none of these can be established in the proceeding itself. On the contrary, they must exist at the time the proceeding is instituted. The conditions are: (1) the existence of a clear legal right of petitioner for the relief sought, (2) the existence of the legal duty on the part of the respondent to do the thing sought to be compelled and (3) the absence of another adequate remedy at law. *See, e.g., State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969); *State ex rel. Hercules Tire & Rubber Supply Co. v. Gore,* 152 W.Va. 76, 159 S.E.2d 801 (1968); *State ex rel. Damron v. Ferrell,* 149 W.Va. 773, 143 S.E.2d 469 (1965); *State ex rel. Fox v. Board of Trustees of Policemen's Pension or Relief Fund of the City of Bluefield,* 148 W.Va. 369, 135 S.E.2d 262 (1964). This Court is of the opinion that appellant did not satisfy the first two of these requirements.

Although the trial court did not specifically pass upon the question of whether mandamus would lie to require the Common Council of the City of Morgantown to acquire a strip of land across the property of the Morgan Development Company by eminent domain proceedings so that Fairlawns Homes could extend Lakeland Avenue across that area, it can necessarily be concluded from what has heretofore been said that the trial court was correct in not granting the relief sought in that regard. Therefore, the final judgment of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*