497 S.E.2d 348

John W. HATTMAN, Appellee,

v.

Donald C. DARNTON, President for an Interim Period of West Liberty State College, Respondent Below, Appellant,

Nedra Koval, Hearing Examiner, West Virginia Education and State Employees Grievance Board, Respondent Below.

No. 23950.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1997.

Decided Dec. 12, 1997.

Lester C. Hess, Jr., Elizabeth Abraham Delk, Bachmann, Hess, Bachmann & Garden, P.L.L.C., Wheeling, for Appellee.

Darrell V. McGraw, Jr., Attorney General, Rosemary J. Humway, Assistant Attorney General, Charleston, for Respondent Below, Appellant.

PER CURIAM: [1]

█ In this appeal the appellant,[2] Donald C. Darnton, the Interim President of West Liberty State College, claims that the Circuit Court of Ohio County, erred in issuing a writ of mandamus directing entry of a default judgment in an employee grievance proceeding. The grievant in that proceeding, John W. Hattman, had earlier moved for default judgment on the ground that the Level II adjudicator violated the requirements of W.Va.Code § 18–29–4(b) by failing to issue a written opinion within five days after the Level II hearing. When the motion was not promptly granted, Mr. Hattman sought, and received, the mandamus order at issue in this proceeding. After reviewing the questions presented, we conclude that the circuit court did err in issuing the writ of mandamus, and accordingly the judgment of the circuit court is reversed, and the writ of mandamus is set aside.

John W. Hattman, the appellee in this matter, was a faculty member at West Liberty State College, and he was charged with violating the college's sexual harassment policy by making certain negative sexual references about Dr. Linda McGinley, a female faculty member. A hearing was conducted in the matter, and sanctions were imposed on Mr. Hattman.

Mr. Hattman protested the sanctions and instituted a statutory grievance proceeding pursuant to the provisions of W.Va.Code § 18–29–1, *et seq.* As a part of the grievance proceeding, a Level II grievance hearing was conducted on June 1, 1995. Only after the hearing was conducted, and a short time before a written decision was due, was Linda McGinley notified of what had happened during the hearing. Dr. McGinley, who had not been informed of when the hearing would be conducted, gave notice that she wished to intervene on the day the decision was due, but at that time, she did not provide details of what her position was. Although W.Va. Code § 18–29–4(b) requires that a written decision be issued within five days of a Level II hearing, the party conducting the grievance proceeding extended the time for a written decision to afford Dr. McGinley an opportunity to present her position. As a consequence, a written decision was not issued on Mr. Hattman's claim within five days of the hearing. An affidavit in the file presently before the Court shows that on or about June 9, 1995, Mr. Hattman gave notice that the deadline for the written decision had passed. The decision was not rendered until June 14, 1995. In the decision certain sanctions previously imposed upon Mr. Hattman were modified and reduced.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

2. The appellant, Donald C. Darnton, Interim President of West Liberty State College will hereinafter be referred to as Mr. Darnton. In the earlier phases of this proceeding, Mr. Darnton's position was occupied by Clyde D. Campbell who actually took certain of the actions referred to in this opinion.

A Level IV appeal was taken from the Level II decision to the West Virginia Education and State Employees Grievance Board. During this appeal, Mr. Hattman's counsel moved for the issuance of an order of default which, in effect, would have granted Mr. Hattman the relief which he sought.

■ No immediate relief was granted to Mr. Hattman in the Level IV proceeding, and his attorney, therefore, petitioned the Circuit Court of Ohio County to issue a writ of mandamus directing the entry of a default order favoring Mr. Hattman in the Level IV proceeding. After conducting a hearing the circuit court issued the writ of mandamus and directed that the default be entered. It is from the circuit court's order issuing that writ of mandamus that Mr. Darnton appeals. Mr. Darnton asserts entry of the mandamus order was improper.

The documents filed in this case conclusively show a written decision was not rendered within five days of the Level II hearing. This is in clear contravention of W.Va. Code § 18–29–4(b), which provides that a Level II hearing examiner, in a case such as Mr. Hattman's, "shall issue a written decision within five days" of conducting a hearing.[3]

On the other hand, the statutes governing the grievance proceeding authorize intervention. Specifically, W.Va.Code § 18–29–3(u), states:

Upon a timely request, any employee shall be allowed to intervene and become a party to a grievance at any level when that employee claims that the disposition of the action may substantially and adversely affect his or her rights or property and that his or her interest is not adequately represented by the existing parties.

■ It is generally recognized that by the very definition of intervention, an intervenor is a party to an action, and to make his rights effectual, he must necessarily have the same power as the original parties. See, 59 Am. Jur.2d *Parties* § 170.

In the present case the party conducting the Level II proceeding apparently concluded that Dr. McGinley, in order to intervene effectively, had to be afforded an opportunity to be heard, and extended the proceeding to afford her that opportunity.

■ This Court has long recognized that:

The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.

Syllabus Point 2, *Simpson v. Stanton,* 119 W.Va. 235, 193 S.E. 64 (1937). See also, *Hutchison v. City of Huntington,* 198 W.Va. 139, 479 S.E.2d 649 (1996), and *Crone v. Crone,* 180 W.Va. 184, 375 S.E.2d 816 (1988).

In the present case on the day of Dr. McGinley's intervention, the party conducting the grievance proceeding was caught between two somewhat irreconcilable statutes. On one hand, West Virginia Code § 18–29–4(b), required that a written opinion be rendered on that day. On the other hand W.Va. Code § 18–29–3(u), suggested that intervention was appropriate, and, for the intervention to be meaningful, the intervenor had to be afforded an opportunity to be heard, and what amounted to a continuance of the proceeding. The grievance evaluator elected to extend the proceeding and protect the complainant-intervenor's right to due process of law.

■ As indicated in Syllabus Point 3 of *Hanlon v. Logan County Board of Education,* 201 W.Va. 305, 496 S.E.2d 447 (1997):

---

**3.** West Virginia Code § 18–29–4(b) provides *in toto:*

(b) Level two.
Within five days of receiving the decision of the immediate supervisor, the grievant may appeal the decision to the chief administrator, and such administrator or his or her designee shall conduct a hearing in accordance with section six [§ 18–29–6] of this article within five days of receiving the appeal and shall issue a written decision within five days of such hearing. Such decision may affirm, modify or reverse the decision appealed from. Level four hearing examiners or the chief administrator shall have the authority to subpoena witnesses and documents for level two and level three hearings in accordance with the provision of section one [§ 29A–5–1], article five, chapter twenty-nine-a of this code, and may issue a subpoena upon the written request of any party to the grievance.

W.Va.Code § 18–29–3(a) (1992) (Repl.Vol. 1994) makes mandatory the time periods within which grievances by educational employees must be filed, heard, and decided. If a grievance evaluator does not comply with the hearing and decision time periods, and his/her inaction does not come within one of the enumerated statutory exceptions, "the grievant shall prevail by default." W.Va.Code § 18–29–3(a) (1992) (Repl.Vol.1994).

In the *Hanlon* case the Court made clear that the default provision in W.Va.Code § 18–29–3(a), is not absolutely inflexible and that for a sound reason of law it might be avoided. Specifically, in that case we held that to benefit from relief by default under the provisions of W.Va.Code § 18–29–3(a), a grieved employee must promptly raise the default issue during the grievance proceeding.

The Court believes that in the present case the grievance evaluator did have a sound reason for extending the proceeding in that, if he had not, Dr. McGinley would have been deprived of an opportunity to be heard and due process of law. Under such circumstances the Court believes that the grievance evaluator appropriately continued the proceeding.[4]

Rather clearly a party who is entitled to a default may seek a writ of mandamus to compel the entry of the default, for W.Va. Code § 18–29–9 plainly states:

Any institution failing to comply with the provisions of this article may be compelled to do so by mandamus proceeding and shall be liable to any party prevailing against the institution for court costs and attorney fees, as determined and established by the court.

However, there is other law tempering the right to entitlement to mandamus. For instance, the Court has recognized that mandamus will not lie to compel performance of an illegal or unlawful act. *Mounts v. Chafin*, 186 W.Va. 156, 411 S.E.2d 481 (1991), and *State ex rel. Damron v. Ferrell*, 149

---

**4.** Although W.Va.Code § 18–29–3(u), authorizes intervention only upon "a timely request," the Court does not believe that the facts of the present case raise a timeliness issue. Dr. McGinley

W.Va. 773, 143 S.E.2d 469 (1965). By analogy, we believe that it should not lie where its issuance will compel an adjudicative officer to deprive a citizen of a constitutional right.

As previously indicated, the grievance evaluator's reason for delaying issuance of a written opinion was to accord Dr. McGinley an opportunity to be heard, a constitutionally protected right. By issuing a writ of mandamus to compel entry of a default for Mr. Hattman, the circuit court, in effect, cut off Dr. McGinley's right to have her view heard and considered. Because the Court does not believe that mandamus should be used for such purposes, the Court believes that the circuit court erred in issuing the writ of mandamus under the particular facts of this case.

For the reasons stated, the judgment of the Circuit Court of Ohio County is reversed, and the writ of mandamus issued is set aside.

Writ set aside.

---

did not learn of the Level II hearing until after it had been conducted, and she then moved very promptly to intervene.