# CHARLESTON.

## County Court v. Duty *et al.*

Submitted September 15, 1915.   Decided October 26, 1915.

1. Counties—*Clerk—Compensation—Right—Money Unlawfully Paid—Recovery.*

   The clerk of a county court is entitled to such compensation only as is provided by statute, and any monies paid to him for official services, out of the county treasury, upon orders issued therefor by the county court, without legal authority, is money unlawfully paid,

77 W. Va.

and, by virtue of Secs. 10aIII and 10aIV, Ch. 17, Code 1913, may be recovered in an action by the county court. (p. 22).

2. SAME—*Unlawful Allowances to Clerk of County Court—Liability.*

The members of a county court who participate in making such unlawful allowances, as well as the clerk receiving the money, are individually liable therefor, jointly and severally. (p. 21).

3. SAME—*County Court—Liability of Members—Unlawful Allowance— Ignorance of Law.*

In auditing public accounts and ordering their payment out of the public fund, a county court acts ministerially and not judicially, and is bound to take knowledge of the law; ignorance thereof will not excuse its members from personal liability. (p. 21).

4. SAME—*Members of County Court—Unlawful Allowances—Criminal Intent—Pleading.*

Liability in such case, does not depend upon criminal intent on the part of the members of the county court, and it is not essential to aver that they acted corruptly. (p. 21).

5. SAME—*Officers—Unlawful Payment of Compensation—Recovery Back.*

Assumpsit is an appropriate remedy in such case. (p. 21).

6. ATTORNEY AND CLIENT—*Authority of Attorney—Presumption.*

An attorney at law who brings a suit, being an officer of court, is presumed to have been authorized to do so by the suitor, until the contrary is made to appear. (p. 22).

Error to Circuit Court, Tyler County.

Action by the County Court of Tyler against J. W. Duty and another. Judgment for defendants, and plaintiff brings error.

*Reversed and remanded.*

*K. C. Moore* and *O. B. Conaway, Fred O. Blue* and *John T. Simms,* for plaintiff in error.

WILLIAMS, JUDGE:

The county court of Tyler county brought assumpsit against J. W. Duty and Ralph Sweeney, ex-clerk and ex-commissioner, respectively, of said county court, to recover monies paid to said clerk out of the county treasury for services rendered by him in his official capacity, upon alleged unlawful orders therefor, drawn by said Sweeney and his deceased co-commissioners, while members of said county court.

A demurrer to the declaration was sustained, and, plaintiff not desiring to amend, its suit was dismissed; and it brings error.

Sweeney is the only surviving commissioner of the county court that made the alleged unlawful orders.

The action is founded upon sections 3 and 4, chapter 16, Acts 1904, published in the Code of 1913 as sections 10aIII and 10aIV of chapter 17. Those sections are as follows:

Sec. 3. "It shall be unlawful for any county court or board of education to expend any money or incur any obligation or indebtedness not expressly authorized by law to be paid or incurred by such body. Nor shall such county court or board of education make any contract, express or implied, the performance of which, in whole or in part, would involve the expenditure of money in excess of funds legally at the disposal of such county court or board of education, as the case may be."

Sec. 4. "Any such officer or person who, in violation of any of the provisions of this act, shall expend any sum or amount of money, incur any debt or obligation, or make or participate in the making of any such contract, or shall be party to any such in any official capacity, shall be personally liable therefor, both jointly and severally, and an action may be maintained therefor by the state, county, district, or any person prejudiced thereby, in any court of competent jurisdiction, and such official shall further be guilty of a misdemeanor and upon conviction thereof be fined not less than ten nor more than five hundred dollars, and may be confined in jail not less than ten days nor more than one year, and, in addition to the penalties hereinbefore provided, such official or person violating any of the provisions of this act shall forfeit his office. And there shall be no liability upon the state, county or district, or the funds thereof, on account of any such debt, obligation or contract."

The declaration avers specifically the various sums of money that were paid to Duty, upon orders made by the county court, during the years 1905 and 1906, giving the dates and numbers of the orders and the particular services for which the allowances were made. It avers that defendant Duty

was the duly elected clerk of said court, and that he received the monies out of the county treasury, upon orders drawn by the county court, without authority of law, and that the defendant Ralph Sweeney was, when said orders were made, one of the commissioners of said court, and voted for the several allowances to said Duty. The payments alleged to have been unlawfully made are thirty-three in number. Perhaps the case will be better understood if we instance a few of the items charged in the declaration. Some of them are as follows, viz.: an allowance of $87.30, in excess of the amount the clerk was lawfully entitled to receive for making out the land books for the year 1906; an alleged unauthorized allowance of $6.30, for reporting to the auditor copy of 126 marriages, for the year ending December 31, 1904; $52.68, allowed for making alphabetical list of 102 births, 211 deaths and 126 marriages, for each assessor; and $49.40, for reporting marriages, births and deaths to the state board of health, for the year ending June 30, 1905. The largest item is $1,197.30, directed to be paid by order No. 1318, drawn January 18, 1906. That allowance was made in consideration of certain fees claimed by the clerk, under chapter 15, Acts 1904, for services rendered in 1905, relating to reassessment of lands. It is made up of a number of smaller items, the largest among which are as follows: "Filing 251 petitions $37.65; issuing 809 notices @ 40c $223.60; 809 copies issued of same @ 25c $202.25; swearing 208 witnesses during term @ 15c $31.20; docketing 809 cases for hearing @ 50c $404.50; and correcting reassessment books, $133.40."

If the money sought to be recovered, was actually paid to defendant Duty, as clerk, out of the county treasury, upon orders drawn thereon by the county court, without authority of law, and the declaration avers that it was so paid, there can be no question of the right of the county court to recover it from the individuals who participated, officially, in such unlawful payments. The declaration alleges that the payments were made to Duty by the sheriff, pursuant to orders drawn upon the county treasury by the defendant Sweeney and his deceased co-commissioners acting in their official capacity and that said Sweeney voted for the allowances. Both Sweeney and Duty were parties to the alleged unlawful·

payments, in their official capacity, and both are made personally liable, by the terms of the statute above quoted.

Assumpsit is an appropriate remedy to recover money tortiously received. *Prior* v. *Craig,* 5 S. & R. p. 48; Hogg's Pl. & Forms, pp. 39 and 40. The tort may be waived and assumpsit maintained in such case. But in this instance the statute expressly authorizes a recovery of the money unlawfully paid; and assumpsit is the appropriate remedy therefor.

It is no defense to the action, that the parties to the unlawful payment may have been mistaken as to the law and may have acted without any corrupt design. Their liability does not depend upon a criminal intent, but rests upon lack of jurisdiction, or want of express authority in law, to make the payments. Ignorance of the law does not excuse. *County Court* v. *Long,* 72 W. Va. 8. The statute reads: "It shall be unlawful for any county court * * * to expend any money * * * not expressly authorized by law to be paid * * * by such body." And section 4 authorizes a recovery from the persons officially participating in payments made out of the public fund without express authority to make them.

In auditing accounts and making appropriations therefor out of the public funds, a county acts ministerially, not judicially, hence it was not necessary to aver that it acted corruptly. A county court, in allowing illegal claims to be paid out of the county fund, exceeds its jurisdiction. In such matters it has no discretion, and is bound to know the law. *Richmond County* v. *Ellis,* 59 N. Y. 620.

"In the auditing of claims, the board of supervisors acts in a legislative, not a judicial capacity." *People* v. *Broome County,* 65 N. Y. 222.

"Where the compensation for services rendered by a county officer in his official capacity is definitely fixed by law, the auditing of the same by the county board is a ministerial duty, unattended with the exercise of any judicial discretion, and therefore, in such case, the board cannot make such compensation any greater nor any less than that fixed by the law." *State ex rel.* v. *Roderick,* 25 Neb. 629; *Commissioners* v. *County,* 46 Pa. St. 496. The foregoing applies with equal force to county courts in this state.

It was not necessary to aver that the county court ordered suit to be brought. In bringing suit it acts by its attorney, and there is a presumption that he was duly authorized, until the contrary is shown. *State* v. *Erlick,* 65 W. Va. 700.

Nor was it necessary to aver that there had been an examination and audit of the fiscal affairs of Tyler county and irregularities found therein, in order to maintain the suit. Ch. 15, Acts 1908, is not applicable here. This action is founded upon the statute passed in 1904, above quoted.

There is nothing in the point raised on the demurrer, that the county court is suing itself. It is suing, in its corporate capacity, one of its ex-members and its ex-clerk as individuals.

The right of a clerk of a county court to compensation for his official services, depends entirely upon statute; and payments made to him out of the county treasury, not expressly authorized by statute, are unlawful payments, and may be recovered by the county court in an action of assumpsit, as if for money received for its use.

We know of no statute authorizing the county court to make allowances to the clerk for the services set out in the $1,197.30 item, and many others specified in the declaration and in the bill of particulars, and our attention has been called to none. Although the demurrer specifies numerous grounds, none of them is that any statute authorized the county court to make the allowances.

The judgment will be reversed, the demurrer overruled and the case reinstated on the docket and remanded for further proceedings according to law.

*Reversed and remanded.*