# CHARLESTON.

COUNTY COURT OF MASON COUNTY *v.* W. B. BARNETT

(No. 5147)

Submitted November 3, 1925. Decided November 10, 1925.

1. APPEAL AND ERROR—*Where Facts Alleged in Special Plea May be Proven Under General Issue in Assumpsit, Failure to Traverse Special Plea is Inconsequential.*

   Where the facts alleged in a special plea may be proven under the general issue in assumpsit, failure to traverse the special plea is inconsequential.   (p. 406.)

   (Appeal and Error, 4 C. J. § 2903.)

2. ACCOUNT STATED—*Rule That Settled Accounts Are Conclusive Between Parties Except for Fraud, Mistake, or Omission, Held Not to Apply to Illegal or Fraudulent Payment of Public Money.*

   The rule that settled accounts are deemed conclusive between parties unless fraud, mistake, or omission be shown, does not apply to illegal or fraudulent payments of public money made by fiscal bodies.   (p. 406.)

   (Accounts and Accounting, 1 C. J. § 330.)'

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mason County.

Assumpsit by the County Court of Mason County against W. B. Barnett.  Verdict for plaintiff, and defendant brings error.

*Affirmed.*

*F. G. Musgrave, Somerville & Somerville,* and *B. H. Blagg,* for plaintiff in error.

*Robert L. Hogg,* for defendant in error.

HATCHER, JUDGE:

This is an action in assumpsit brought in the circuit court of Mason County by the county court thereof, against W. B. Barnett.  Barnett was clerk of the plaintiff from 1914 to 1920 inclusive.  In this action the plaintiff sought to recover from

Barnett $6696.48, which it alleged was the sum of certain over-charges made by Barnett during his term of office for the following items: (a) stamps, (b) telephone and express charges, (c) making and copying certain indexes, (d) making certain financial statements. Evidence was offered by plaintiff tending to show that the allowances for postage, telephone and express charges were grossly excessive, and that the charges for making the financial statements and for copying the indexes were unreasonably high. The defendant testified that the allowances for postage, telephone and express charges were exact and correct, and that the several amounts he received for making the financial statements and for copying the indexes were reasonable. He also proved a contract with the county court whereby he was to receive $1000.00 a book for the indexes. The evidence shows that the county court, as constituted at the time defendant was clerk, had little, if any idea of what was reasonable and lawful payment for the work in question, and virtually permitted the defendant to fix his own remuneration. The jury rendered a verdict in favor of the plaintiff for $2520.00.

A more detailed statement of the evidence is not necessary, as the errors relied upon here are matters of law.

1. The defendant filed a special plea in addition to his plea of the general issue. The special plea sets up his contract with the county court, relative to the indexes. No issue was joined on the special plea and the defendant says that this was error.

Under the broad scope of the general issue in an action of assumpsit, it was permissible to make, and the defendant did make, the very defense set up in his special plea. Therefore the special plea was unnecessary and failure to join issue thereon was inconsequential. Burkes Pl. and Pr. par. 80 (2 Ed.); Hogg's Pl. and Forms. sec. 220, *Rennick* v. *Correll,* 4 W. Va. 627; *Douglass* v. *Land Co.,* 12 W. Va. 502.

2. Defendant complains also because the trial court refused to give his instructions numbers 2 and 3, which were based on the legal principle that an account paid becomes a settled account and is conclusive upon the parties thereto,

unless fraud, mistake, or omission be shown. These instructions were so drawn as to apply to each item upon which a recovery was sought by plaintiff. This principle is elementary, and as such is not controverted by counsel for the county court. Counsel admits that if the instructions had been so limited as to apply to the accounts submitted by the defendant for supplies, expenses, making the financial statements and *copying* the indexes, they would have been proper. But they were drawn so as to apply also to the allowances made defendant for *making* certain indexes. For *making* indexes the defendant was entitled by law to six cents for each writing so indexed. Code, Ch. 73, Sec. 7a. (1) Consequently, if the defendant received more than six cents for each writing indexed, as the evidence clearly shows he did, his remuneration was *unlawful,* and recovery therefor by plaintiff could not be made dependent on fraud, mistake or omission. The defendant's instructions were therefore improper.

> "A contract in violation of a statute is void although the statute fails to provide expressly that contracts made in violation of its provisions shall not be valid". *Melchoir* v. *McCarty,* 31 Wis. 252; *County Court* v. *Duty,* 77 W. Va. 17.

3. Plaintiff's instruction number 1 detailed the indexing done by the defendant, the provisions of law for payment for such work, and informed the jury that for copying certain indexes the defendant was entitled to receive reasonable compensation, and that for making certain other indexes he was entitled to receive six cents for each instrument indexed. Plaintiff's instruction number 2 told the jury that if it believed from the evidence, that the county court had no personal knowledge of the time required or the work involved in making the financial statements, that the sums paid defendant therefor were not reasonable but were in excess of reasonable amounts and were so paid upon the representation of the defendant that the payments were reasonable, then it should find for the plaintiff the difference between the sums so paid and the sums representing reasonable amounts for the services rendered. Plaintiff's instructions numbers 3 and 4 re-

stated in different language the proposition that defendant was entitled to only a reasonable amount for making the financial statements. These instructions arc critcised by counsel for the reasons (1) that they permit the jury to substitute its judgment of what was reasonable compensation for that of the county court, and (2) that the defendant's accounts had been settled and there was no evidence of fraud, mistake or omission.

Juries are always permitted to pass on what is reasonable, when that is an issue, as it was in this case. There was sufficient evidence to warrant the jury in believing that the county court had been misled by the defendant. If so this was fraud, and the results he accomplished by misrepresentation were illegal.

The evidence supports the verdict. We observe no prejudicial error. The judgment of the circuit court is therefore affirmed.

*Affirmed.*