STATE *ex rel.* THE COUNTY COURT OF CABELL COUNTY, *etc., et al.*

*v.*

KEITH L. ARTHUR, AS CLERK OF THE COUNTY COURT OF CABELL COUNTY, WEST VIRGINIA

(No. 12506)

Submitted October 19, 1965.    Decided November 23, 1965.

*Browning, Judge,* not participating.

*Carl A. McComas, Beckett & Burford, Robert H. Burford,* for relators.

*Robert K. Means,* for respondent.

CAPLAN, JUDGE:

In this original proceeding in mandamus the relators, the County Court of Cabell County and Mildred Wheeler, seek a writ to compel the respondent, Keith L. Arthur, Clerk of the County Court of Cabell County, to issue a certain county order authorizing the expenditure of county funds and to affix his signature thereto in his official capacity. The respondent filed an answer to the petition, from which it appears that there is no material dispute in relation to the facts which give rise to this controversy. On September 20, 1965 this Court granted a rule returnable October 19, 1965, on which date the case was submitted for decision.

From the pleadings and exhibits filed in this proceeding it appears that the relator, county court, in accordance with the provisions of Code, 1931, 11-8-10, as amended, formulated and submitted to the state tax commissioner the 1965-

1966 Levy Estimate for Cabell County. This document, which is actually the budget upon which the county operates, contains an item in the sum of $3,600.00 which is designated as the annual salary for the county court secretary. The Levy Estimate was approved by the state tax commissioner and that document, together with such approval, is included as an exhibit in this proceeding.

The County Court of Cabell County, at a regular session thereof on August 2, 1965, by a vote of two to one, appointed Mildred Wheeler to the position of secretary and assistant to said court. This is a newly created position, the tenure of which commenced on the day of the appointment and was to continue thereafter at the will and pleasure of the county court. The appointment provided for a monthly salary of $300.00 for this recently created position. Immediately after the appointment the oath of office was administered to Mildred Wheeler and she has since acted in that capacity.

Thereafter, on the same day, August 2, 1965, the respondent by letter advised the county court that he was unable to find any express statutory law or case law authorizing this action by the court. His letter then continued as follows: "* * * I must therefore state that I shall not cause my signature to be affixed on any check or draft which may be issued to pay the salary of the secretary and assistant to the Cabell County Court, until I am assured of the legality of such appointment or ordered to do so by a Court of competent jurisdiction."

The relators allege that county employees are paid by the issuance of a county order with the facsimile signatures of the president and clerk of the county court and that without such signatures no payment can be made. They further allege that Mildred Wheeler has served in the capacity of secretary and assistant to the county court from August 2, 1965 to August 15, 1965, and that after proper deductions for federal and state income withholding taxes, social security taxes and state retirement pension contribution, she is entitled to a net salary of $116.66 for such period of em-

ployment; that all other county employees have been paid for this period; that the county court desires to pay this sum to Mildred Wheeler; and that the county court is prevented from paying such salary because of the conduct of the respondent who has arbitrarily and capriciously refused to cause his facsimile signature to be affixed to a county order. The relators therefore seek a writ to compel the respondent to issue a county order in the sum of $116.66 and to cause his signature to be affixed thereto so as to enable the county to pay relator, Mildred Wheeler, her salary as secretary and assistant to the county court for the period above designated.

The respondent denies that he arbitrarily and capriciously refused to issue the requested county order, but asserts that he did so honestly and in good faith, believing that there being no statutory authority, express or implied, authorizing such action, his issuance of such county order "would be illegal, invalid and of no effect, causing the respondent and the sureties on his bond to be liable for any payment thereof."

The relator county court readily agrees that there is no express statutory authority to make the appointment here in question but asserts that, by reason of its many duties, such appointment may be made under its implied powers.

The sole question in this controversy is whether the County Court of Cabell County has the lawful authority to appoint a secretary and assistant to that body. County courts are created as governmental entities by Article VIII, §22 of the Constitution of West Virginia. The basic powers thereof are provided for under the provisions of §24 of said article. In addition to setting out many specific powers, §24 provides: "Such courts may exercise such other powers and perform such other duties, not of a judicial nature, as may be prescribed by law." It therefore becomes clear that in determining the powers of the county court we must look to the constitution, which created that body, and to the laws which were enacted by the legislature pursuant to the constitutional provisions.

The status of a county court, in relation to its powers, is well expressed in Point 3 of the syllabus in *Barbor* v. *County Court of Mercer County*, 85 W. Va. 359, 101 S. E. 721, as follows: "The county court is a corporation created by statute, and possessed only of such powers as are expressly conferred by the Constitution and legislature, together with such as are reasonably and necessarily implied in the full and proper exercise of the powers so expressly given. It can do only such things as are authorized by law, and in the mode prescribed." See also *Mohr* v. *The County Court of Cabell County*, 145 W. Va. 377, 115 S. E. 2d 806; *Daugherty* v. *Ellis*, 142 W. Va. 340, 97 S. E. 2d 33; *Goshorn's Ex'rs.* v. *County Court of Kanawha County*, 42 W. Va. 735, 26 S. E. 452.

As heretofore indicated, the relators readily admit that there is no express statutory authority providing for the appointment made by the county court in this case. It must therefore be determined whether this appointment properly can be made under the implied powers of such court. It is pertinent to point out that a county court's implied powers arise from powers expressly conferred upon it. In other words, as expressed in the *Barbor* case, it has the powers expressly granted by statute, together with such powers as are reasonably and necessarily implied in the full and proper exercise of the powers expressly given. This means that power by implication must be based upon some express statutory authority. When a statute imposes upon a county court the duty to perform a particular function, it has the power to so act, together with such powers as are reasonably necessary to perform that function. For example, under the provisions of Code, 1931, 7-3-2, as amended, the county court of each county is charged with the duty to provide and maintain, at the county seat, a courthouse. While no statute expressly authorizes the court to purchase mops and brooms, such authority is implied as a necessary and reasonable incident to the proper maintenance of the courthouse.

In addition to the general jurisdiction, power and duties provided in Code, 1931, 7-1-3, the county courts are em-

powered to perform certain other specified functions. Many of these functions are listed in Code, 1931, 7-1-3a through 3(1), as amended. In carrying out those duties a county court, in addition to the expressed powers, has such powers as are reasonably and necessarily implied for the full and proper exercise of the powers expressly given.

It is pertinent to now consider the case of *Mohr* v. *The County Court of Cabell County,* 145 W. Va. 377, 115 S. E. 2d 806, relied upon by the relators, and wherein it was held that the County Court of Cabell County had certain implied powers. Therein the county court had entered into a contract with a private firm of appraisers which was to appraise and revaluate the taxable real estate within the county. Mohr, a taxpayer, sought to enjoin the performance of this contract on the ground that the county court lacked the authority to enter into such a contract. Dissolving the injunction, the Court pointed out that under Code, 1931, 7-1-5, as amended, a duty was imposed upon county courts "to review and equalize the assessments made by the assessor; to inspect and review the lists of property, both real and personal, made up by the assessor and his deputies for taxable purposes, and to point out to the assessor any property, real or personal, which the said assessors of their respective counties may have overlooked or omitted to place on said tax lists; * * *." The Court concluded that the power to hire a firm of appraisers was reasonably and necessarily implied in order to permit the county court to perform the express duties imposed upon it by the above quoted provisions of Code, 1931, 7-1-5, as amended.

An examination of the constitution and statutes fails to reveal any provision from which it reasonably may be implied that a county court has the power to appoint a secretary and assistant. Thus, the instant case is readily distinguishable from the *Mohr* case. No specific duty is imposed upon the county court which carries with it an inference that the county court is empowered to employ a secretary and assistant.

Provisions for the appointment of deputies, assistants, clerks and stenographers are contained in many sections of

Chapter 7 of the Code. Code, 1931, 7-7-6, as amended, provides that a prosecuting attorney, with the assent of the county court, may appoint assistants, stenographers and clerks. Code, 1931, 7-4-3, as amended, provides that the county court, in certain circumstances, may appoint a county attorney. In addition thereto, the county clerks of the various counties are empowered by statute to appoint and employ deputies, assistants and such other employees as may be necessary for the proper function of their offices. Code, 1931, 7-7-7, as amended. Nowhere does it appear that the county court has been given the power to make such appointment as attempted in this case.

While under its general powers and duties a county court shall have the superintendence and administration of the internal police and fiscal affairs of its county, such functions are performed through its clerk, also an elected official. Code, 1931, 7-1-3. The secretarial and clerical duties can be and generally are performed by the county clerk and his employees.

In the absence of express authority or a statute from which such authority reasonably can be implied, we are of the opinion, and so hold, that the county court is without power to appoint a secretary and assistant.

It is urged by the relators that the respondent is called upon to perform a purely ministerial act and therefore can not question the propriety of the payment provided for in an order of the county court. This position is without merit. As held in the foregoing portion of this opinion, the county court is without authority to appoint a secretary and assistant. Therefore, any payment made pursuant to such appointment would be illegal. This Court has recently held in *State ex rel. Damron* v. *Ferrell,*149 W. Va. 773, 143 S. E. 2d 469, that mandamus will not lie to compel the performance of an illegal or unlawful act. See also *State ex rel. Summerfield* v. *Maxwell,* 148 W. Va. 535, 135 S. E. 2d 741; *State ex rel. Schenerlein* v. *City of Wheeling,* 144 W. Va. 434, 108 S. E. 2d 788; *State ex rel. City of Huntington* v. *Heffley,* 127 W. Va. 254, 32 S. E. 2d 456; *Pardue* v. *County*

300

*Court of Lincoln County,* 105 W. Va. 235, 141 S. E. 874; 55 C.J.S., Mandamus, §10c; and 12 M. J., Mandamus, §3.

Furthermore, mandamus will not lie unless the party seeking the writ can show a clear legal right to the relief sought and a corresponding duty on the respondent to perform the act demanded. *State ex rel. Damron* v. *Ferrell,* 149 W. Va. 773, 143 S. E. 2d 469; *State ex rel. Zagula* v. *Grossi,* 149 W. Va. 11, 138 S. E. 2d 356; *State ex rel. Vance* v. *Arthur,* 142 W. Va. 737, 98 S. E. 2d 418. In the instant case it is well demonstrated that the relators have no clear legal right to the relief sought, nor is there a corresponding duty on the respondent to perform the act demanded.

For the reasons stated herein the writ of mandamus will be refused.

*Writ refused.*