KEITH L. ARTHUR, *Clerk* OF THE COUNTY COURT OF CABELL COUNTY, WEST VIRGINIA

*v.*

THE COUNTY COURT OF CABELL COUNTY, WEST VIRGINIA, *et al.*

(No. 12787)

Submitted April 29, 1969.          Decided May 20, 1969.

*Carney M. Layne,* for appellants.

*Chauncey H. Browning, Jr.,* Attorney General, and *William F. Carroll,* Assistant Attorney General, amicus curiae on behalf of State Tax Commissioner.

No appearance for appellee.

CALHOUN, JUDGE:

This case is before the Court on appeal from a final judgment of the Circuit Court of Cabell County entered on August 26, 1968, in a declaratory judgment action instituted in that court by Keith L. Arthur, Clerk of the County Court of Cabell County, plaintiff, against the county court of that county and the individual commissioners thereof, defendants, for the purpose of having a judicial determination of the question whether the plaintiff is entitled to receive from the county court reasonable compensation in addition to his official salary for his services rendered in the preparation of the annual financial statement for Cabell County for the 1966-67 fiscal year. From a judgment for the plaintiff rendered by the trial court, the defendants have been granted the appeal to this Court. Pertinent facts are undisputed. A decision of the case involves a consideration and application of certain statutes enacted by the legislature.

In the complaint in the declaratory judgment action instituted in the trial court, the plaintiff relies upon the provisions of Code, 1931, 7-5-16, as amended by Chapter 105, Acts of the Legislature, Regular Session, 1967, and the provisions of Chapter 33 of the Acts of the same 1967 legislative session which amended Code, 1931, Chapter 7, Article 1, as previously amended, by adding thereto a new provision designated as Section 3m. The answer of the defendants asserts that it is a part of the official duties of the plaintiff as clerk of the county court, with the assistance of his office staff, to prepare the annual county financial statements and that the law does not authorize the county court to pay to the plaintiff any compensation, in addition to his official salary, for the performance of such services.

The answer joins in the prayer for a judicial declaration of the legal rights and duties of the parties in respect to the basic legal question raised by the pleadings. The defendants have agreed to pay the plaintiff not less than $900 as reasonable compensation for services performed in the preparation of the 1966-67 financial statement in the event it is determined that the defendants are legally authorized and required to compensate the plaintiff for performance of the services in question.

The case was submitted for decision in the trial court upon the complaint with certain exhibits; upon the answer; upon the defendants' motion for summary judgment with an attached exhibit; and upon oral argument of counsel. In denying the defendants' motion for summary judgment and in directing the defendants to pay to the plaintiff the sum of $900, the trial court, by its final judgment order, held that the plaintiff has no official duty as clerk to prepare the annual financial statements; that, by statute, that duty is imposed upon the county court; that the county court is authorized by Section 3m, added by the legislature in 1967 to Article 1, Chapter 7, of Code, 1931, "to employ any person, including such person who may occupy the position of County Clerk, to aid and assist the County Court in the preparation of the Annual Financial Statement for the County for the fiscal year 1966-67, and for the years subsequent"; that $900 constitutes reasonable compensation for services performed by the plaintiff in the preparation of the annual financial statement for the 1966-67 fiscal year; and it was accordingly adjudged and ordered that the plaintiff recover from the county court the sum of $900 "with costs."

The case was submitted for decision in this Court upon the record made in the trial court; upon brief and oral argument of counsel for the defendants; and upon an amicus curiae brief filed in behalf of the Tax Commissioner of West Virginia who is required by Code, 1931, 11-8-10a, as amended, to approve, in writing, all levy estimates made by county courts. The levy estimate

prepared by the county court for the 1967-68 fiscal year allocated the sum of $1,350 for the preparation of the financial statement. No formal appearance was made in this Court by or in behalf of the plaintiff.

It is not denied that this case presents an actual and existing controversy of such a character as to be justiciable in a declaratory judgment action. *Farley* v. *Graney*, 146 W. Va. 22, 119 S. E.2d 833; *The Board of Education of Wyoming County* v. *The Board of Public Works*, 144 W. Va. 593, 601, 109 S. E.2d 552, 557; *Crank* v. *McLaughlin*, 125 W. Va. 126, 23 S. E.2d 56. The pertinent statute specifically provides that a declaratory judgment action may be maintained by one "whose rights, status or other legal relations are affected by a statute, * * *." Code, 1931, 55-13-2, as amended. See also R. C. P. 57.

Code, 1931, 7-5-16, prior to its amendment in 1967, provided that the county court of each county "shall cause to be published" an annual financial statement such as that involved in this case. The statute contained the following additional provisions:

> *Such statement shall be prepared by the clerk, and for performing such service he shall be allowed a reasonable compensation by such court.* Any clerk of the county court who shall, within the time prescribed, fail or refuse to perform the duties required by the provisions of this section shall be guilty of a misdemeanor, * * *. And if a county court willfully fail or refuse to perform the duties hereinbefore named, every member of such court, concurring in such failure or refusal, shall be guilty of a misdemeanor, * * *. (Italics supplied.)

By the 1967 amendment, the language italicized in the portion of the statute quoted above was omitted. The statute, Code, 1931, 7-5-16, as amended in 1967, contains the following language in reference to the annual county financial statements:

> "The county court of every county, * * * shall prepare on a form to be prescribed by the state

tax commissioner, and cause to be published a statement * * *.

* * *

If a county court wilfully fail or refuse to perform the duties hereinbefore named, every member of such court, concurring in such failure or refusal, shall be guilty of a misdemeanor, * * *."

The trial court, in its written opinion which was made a part of the record by court order, reasoned that the statute, in its earlier form, expressly required the clerk to prepare the annual financial statements and required of the county court only that it cause the financial statements to be published; that, under the statute as amended in 1967, the clerk is relieved of his duty to prepare the annual financial statements and that the county court as such is charged with a duty to prepare the annual financial statements as well as a duty to cause them to be published; and that, under the statute in its amended form, the clerk may be employed by the county court to prepare the annual financial statements.

The trial court's opinion contains the following statement: "It would seem under the old statute the Clerk had to do the preparation, but now under the new statute the field is open so the Court can employ any help it cares to and does not have to depend on the Clerk." In support of its position that the county court was authorized to employ and to pay the plaintiff for his services in preparing the annual county financial statement in question, the trial court relied upon the provisions of Chapter 33, Acts of the Legislature, Regular Session, 1967, which, as has been stated previously, added to Code, 1931, Chapter 7, Article 1, a new provision designated as Section 3m which is in part as follows:

In addition to all other powers and duties now conferred by law upon county courts or tribunals in lieu thereof, hereinafter referred to as county courts or courts, such courts are hereby empowered to employ, fix compensation for and discharge such clerical, stenographic, technical, pro-

fessional and other personnel, including specialists and consultants, as may from time to time be necessary to aid such courts in exercising their powers or discharging their duties as provided by law: Provided, That such courts shall not have the power to employ any such personnel to perform powers and duties that are performed by such courts through their clerks pursuant to law.

\* \* \*

The county courts shall file with their clerks a statement in writing showing such action and setting forth the name of each person employed pursuant to the provisions of this section, the time for which employed and the monthly compensation. \* \* \*. All statements required to be filed by this section shall be verified by the affidavit of a majority of the members of the county court making them \* \* \*. Until the statements required by this section shall have been filed, no allowance or payments shall be made by the county courts for personnel.

It is obvious, we believe, that the statute quoted immediately above is not applicable to the present case. It is true that the county court, by a letter, requested that the clerk proceed with the preparation and publication of the 1966-67 annual financial statement in question and agreed to compensate him for such services "if it is determined that such payment is legal." Later, by letter, the plaintiff requested that the county court pay him $1,350 for such services. On June 27, 1968, the commissioners of the county court voted unanimously not to pay the plaintiff any sum of money as requested, on the ground that the preparation of the annual financial statements continues to be a part of his official duties as clerk and on the further ground that the 1967 amendment of Code, 1931, 7-5-16, deleted the provision which expressly authorized payment of reasonable compensation to the clerk for his services in preparing the annual county financial statements. It is obvious that the county court did not, pursuant to the 1967 statutory enactment quoted above, undertake to employ the plaintiff to prepare the

annual financial statement in question; that it had no authority under that statute to do so; and that, in any event, prerequisites for payment of compensation pursuant to that statute have not been complied with by the plaintiff. See also Code, 1931, 7-5-3 and 7-5-4, as amended; *State ex rel. Damron* v. *Ferrell,* 149 W. Va. 773, 143 S. E.2d 469.

It is reasonably apparent that the statute designated as Section 3m was enacted by the legislature in 1967 because of a case in which this Court, on November 23, 1965, held that a county court was not authorized by law to employ and to compensate a secretary and assistant to the county court in addition to personnel employed to assist its clerk in the performance of his official duties. *State ex rel. The County Court of Cabell County* v. *Arthur,* 150 W. Va. 293, 145 S. E.2d 34. In that case this Court stated (150 W. Va. at 299, 145 S. E.2d at 38) : "While under its general powers and duties a county court shall have the superintendence and administration of the internal police and fiscal affairs of its county, such functions are performed through its clerk, also an elected official. Code, 1931, 7-1-3. The secretarial and clerical duties can be and generally are performed by the county clerk and his employees." The Court held in that case that a county court possesses only such powers as are expressly conferred upon it by constitutional or statutory provisions, together with such powers as are reasonably and necessarily implied in the full and proper exercise of powers expressly conferred upon it.

Code, 1931, 7-5-2, in considerable detail, charges the clerk of a county court with the duty of keeping records concerning the fiscal affairs of the county. In construing that statutory provision in *Blue* v. *Tetrick,* 69 W. Va. 742, 751, 72 S. E. 1033, 1037, the Court stated: "The code * * * has long provided that clerks of the county court shall keep proper accounts to show the money and claims due to the county, which are to be accounted for to the court, showing all claims placed in the hands of an officer. * * *.

For what purpose? In order that the county may be able to make settlements and get its dues from sheriff and other officers. The clerk is the keeper of the books and accounts of the county, to show its right."

The defendants filed as an exhibit with their motion for summary judgment an affidavit made by Nancy Fitzwater in which she stated that she served as chief deputy to the Clerk of the County Court of Cabell County for ten years prior to January 1, 1967; that during that period of time she was assigned the duty of preparing the annual county financial statements; that, in preparing such a statement, "she spent not less than four (4) weekends"; and that the annual financial statements were prepared from official records kept in the office of the clerk of the county court. The county court, therefore, could not prepare the annual financial statements without having available the books and records which are required by law to be prepared, maintained and kept by the clerk in his office. If the legislature, by statutes amended and enacted in 1967, had intended to relieve the clerk and his office staff of the duty of preparing the annual financial statements, it is reasonable to assume that the legislature would have made a specific provision for the means by which that duty would otherwise have been performed.

*County Court* v. *Duty,* 77 W. Va. 17, 87 S. E. 256, involved an action in assumpsit to recover various items of compensation which had been paid to the clerk of the county court, in addition to his official salary, for various services performed by him in his official capacity. In holding that such compensation had been paid by the county court without legal authority and that the compensation thus paid was recoverable by the county court, the Court made the following statement in the first point of the syllabus: "The clerk of a county court is entitled to such compensation only as is provided by statute, * * *." In the body of the opinion (77 W. Va. at 22, 87 S. E. at 257) the Court made the following statement: "The right of a clerk of a county court to compensation for his official services,

depends entirely upon statute; and payments made to him out of the county treasury, *not expressly authorized by statute,* are unlawful payments, and may be recovered by the county court * * *." (Italics supplied.)

Code, 1931, 7-7-2, prior to its amendment in 1967, was in part as follows: "The annual compensation of the clerk of the county court of each county shall, on and after January one, one thousand nine hundred sixty-three, be in the amounts set forth in sections * * *." Section 2 (6) was as follows: "For the county of Cabell, nine thousand dollars." That statute was amended and reenacted in 1967 in substantially the same language, except that it made changes in the amounts of salaries, to be effective on and after January 1, 1969. By the 1967 amendment and reenactment, the annual salary of the Clerk of the County Court of Cabell County was raised from $9,000 to $11,000.

We note that the action was instituted in the trial court by "Keith L. Arthur, as Clerk of the County Court of Cabell County, West Virginia," as plaintiff. The action, therefore, was instituted by him in his official capacity rather than in his capacity as an individual. The judgment order of the trial court contains the following language: "* * * and it is ORDERED that the Plaintiff, Keith L. Arthur, as County Clerk, have and recover from the defendant, The County Court of Cabell County, the sum of Nine Hundred Dollars ($900.00) with costs; * * *." It may not be entirely clear whether the judgment order contemplates that compensation be paid by the county court to the plaintiff in his official capacity or in his capacity as an individual. In these circumstances, counsel, by brief and oral argument, have taken the position that the plaintiff is not entitled to recover in the civil action either in his official capacity or in his capacity as an individual.

For reasons previously stated, we are of the opinion that the county court had no legal authority to employ and to pay any compensation to Keith L. Arthur in his individual capacity for any services he may have rendered

in preparing the annual financial statement for the 1966-67 fiscal year. We are of the opinion that such responsibility was and continues to be a part of his official duties as clerk of the county court, his official annual salary being expressly fixed by statute.

We are of the opinion, for reasons previously stated, that the county court is not authorized by law to pay the plaintiff, in his official capacity as clerk of the county court, any compensation, in addition to his official salary, for services performed by him and his office staff in the preparation of the annual county financial statements. We deem it quite significant that the legislature, by the 1967 amendment and reenactment of Code, 1931, 7-5-16, deleted and omitted from the statute the following language: "Such statement shall be prepared by the clerk, and for performing such service he shall be allowed a reasonable compensation by such court."

We are not aware of any statute which now expressly authorizes the county court to pay the clerk, either in his official capacity or in his capacity as an individual, any compensation for preparing the annual county financial statements. The language deleted by the 1967 amendment and reenactment, as stated above, had been a part of the statute for many years. Barnes' Code, 1923, Chapter 39, Section 35. Simultaneously another statute provided: "All fees, costs, percentages, penalties, commissions, allowances, compensation, income and all other perquisites of whatever kind which by law may now or hereafter be collected or received as compensation for services by any clerk of the county court, * * * shall be collected and received by such officer for the sole use of the treasury of the county in which he is an officer, and shall be held as public moneys belonging to the county fund, * * *." Code, 1931, 59-1-28; Barnes' Code, 1923, Chapter 137, Section 34. In an able opinion prepared in 1953 by Honorable Fred H. Caplan, then an assistant to the attorney general and now a member of this Court, the conclusion was reached that any compensation paid to a clerk of a county

court pursuant to Code, 1931, 7-5-16, for services performed in the preparation of annual county financial statements was, by reason of Code, 1931, 59-1-28, "received by him for the sole use of the treasury of the county to be credited to the general county fund, and shall not be kept by him as personal compensation." 45 Ops. Att'y Gen. 445.

For reasons stated in this opinion, the judgment of the Circuit Court of Cabell County is reversed.

*Reversed.*