**STATE OF WEST VIRGINIA**

On May 21, 2026, the Supreme Court of Appeals of West Virginia made and entered the following order:

Raze International, Inc.,
Petitioner

v.) No. 23-565 (Ohio County No. CC-35-2023-C-119)

Wheeling Hospital, Inc.,
City of Wheeling, and
Wheeling Municipal Building Commission,
Respondents

## DISMISSAL ORDER

On December 26, 2023, the petitioner, Raze International, Inc., by counsel, Thomas E. White, White Law Office, and Edmund J. Rollo, Rollo Law Offices, perfected the appeal from an order of the Circuit Court of Ohio County entered on August 25, 2023, with the filing of the petitioner's brief and appendix record.

On February 8, 2024, the respondents, the City of Wheeling and Wheeling Municipal Building Commission, by counsel, Robert P. Fitzsimmons and Clayton J. Fitzsimmons, Fitzsimmons Law Firm PLLC, and Rosemary Humway-Warmuth, Office of the City Solicitor, filed a respondents' brief. The respondent, Wheeling Hospital, Inc., by counsel, Kenneth E. Webb, Jr., Bowles Rice, LLP, filed a respondent's brief on February 9, 2024. On March 1, 2024, the petitioner, by counsel, filed a reply brief.

On March 20, 2025, the respondent, Wheeling Hospital, Inc., by counsel, filed a motion to dismiss the petitioner's appeal as moot. The respondents, City of Wheeling and Wheeling Municipal Building Commission, by counsel, joined in the motion to dismiss on the same date. On March 31, 2025, the petitioner, by counsel, filed a response opposing the motions to dismiss.

On September 12, 2025, the Court entered an order both deferring consideration of the respondents' motions to dismiss the appeal and setting the matter for oral argument under Rule 20 of the Rules of Appellate Procedure. On March 31, 2026, the parties presented oral argument to the Court. Having carefully considered the parties' briefs and arguments, the appendix record, and the applicable law, the Court is of the opinion to, and does, grant the respondents' motions to dismiss the petitioner's appeal as moot.

On appeal, the petitioner challenges the circuit court's order granting the respondents' motions to dismiss the petitioner's amended complaint. In its amended complaint, the petitioner claimed it was entitled to be awarded the contract for a project involving the demolition of buildings owned by, and located on the real property of, the respondent, City of Wheeling (hereinafter "the demolition project"). The purpose of the demolition project was to allow the respondent, Wheeling Hospital, Inc., to construct and operate a new cancer center on the site. In June 2023, the respondent, Wheeling Hospital, Inc., solicited bids for the demolition project and the petitioner submitted a bid in response; however, the contract for the project was awarded to a bidder other than the petitioner. Thereafter, the petitioner filed its amended complaint in the circuit court, seeking: (1) an injunction forbidding the respondents from awarding the demolition project to another demolition company; (2) a declaration that the bidding process for the demolition project was improperly administered, that the petitioner was the lowest responsible bidder for the project, and that the petitioner was entitled to be awarded the contract; (3) a writ of mandamus awarding the demolition project to the petitioner; (4) attorneys' fees and litigation costs; and (5) any further relief appearing "just and proper."

In its motion to dismiss the petitioner's appeal, the respondent, Wheeling Hospital, Inc., asserts that because the petitioner did not obtain a stay, halting the demolition project pending appeal, the demolition project has since been completed, and the petitioner's appeal is now moot.

In response, the petitioner contends that the appeal is not moot, arguing that the petitioner would be entitled to "lost profits and other monetary damages" if this Court were to decide the appeal in the petitioner's favor. Alternatively, the petitioner argues that the Court should decide its appeal even if it is found to be moot, pursuant to Syllabus Point 1 of *Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989) (explaining that the Court has discretion to decide "technically moot issues" when certain factors are present).

This Court has long held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908). "The general rule, subject to certain exceptions, is that appeals will be dismissed where there is no actual controversy existing between the parties[.]" Syl. Pt. 1, in part, *W. Va. Board of Dental Examiners v. Storch*, 146 W. Va. 662, 122 S.E.2d 295 (1961). That is because "[t]his Court sits to redress wrongs and not to settle moot questions; and whenever it is made to appear that by time or other cause the matter in controversy has been extinguished pending the appeal, the appeal will be dismissed." Syl. Pt. 4, in part, *Whyel v. Jane Lew Coal & Coke Co.*, 67 W. Va. 651, 69 S.E. 192 (1910). Accordingly, this Court has declined to decide an appeal challenging the manner in which a public construction project was to be administered after the project was complete, explaining that such "[a] case 'in which a controversy no longer exists' and which 'presents only an abstract question that does not arise from existing facts or rights' is, by definition, moot." *City of Martinsburg v. Cnty. Council of Berkeley Cnty.*, 247 W. Va. 320, 320, 880 S.E.2d 42, 44 (2022) (citing Black's Law Dictionary (11th ed. 2019)).

During oral argument before this Court, the petitioner, by counsel, conceded that the demolition project is now complete but contends that it maintains a cognizable claim for "lost profits and other damages as a matter of law." However, the petitioner's amended complaint did

not state a claim for lost profits or articulate any theory of liability for monetary damages against the respondents. Because another demolition company has already completed the demolition project, it is no longer possible for a court to grant the relief the petitioner sought in its amended complaint. Specifically, the petitioner sought an injunction preventing the contract for the demolition project from being awarded to another company and a writ of mandamus awarding the contract to the petitioner; yet the contract was subsequently awarded to another company, and the demolition project is now complete. As a result, the petitioner also lacks standing to request the declaratory judgments it sought in its amended complaint. *See* Syl. Pt. 1, *Arthur v. County Court of Cabell County*, 153 W.Va. 60, 167 S.E.2d 558 (1969) ("A declaratory judgment action is a proper procedure for an adjudication of the legal rights and duties of parties to an actual, existing controversy which involves the construction or application of a statute or statutes."). We therefore agree with the respondents that the petitioner's appeal is now moot, and we decline to consider the petitioner's moot appeal pursuant to *Israel*, finding that the necessary factors are not present in this case. *See Israel*, 182 W. Va. 454, 388 S.E.2d 480, Syl. Pt. 1.

      For the foregoing reasons, the petitioner's appeal should be dismissed as moot. It is ordered that this matter is dismissed from the docket of this Court.


A True Copy                      Attest: /s/C. Casey Forbes
                                               Clerk of Court