375 S.E.2d 202

**STATE of W.Va. ex rel. Everett W. DILLEY, etc.**

**v.**

**WEST VIRGINIA PUBLIC EMPLOYEES RETIREMENT SYSTEM.**

**No. 17967.**

Supreme Court of Appeals of West Virginia.

Nov. 17, 1988.

John O. Kiser, Love, Wise & Woodroe, Charleston, for Everett W. Dilley.

Charles G. Brown, Atty. Gen., Kenneth E. Knopf, Asst. Atty. Gen., for WVPERS.

NEELY, Justice:

The appellants are elected members and former members of county school boards in the State of West Virginia. The appellees are members of the Board of Trustees of the West Virginia Public Employees Retirement System who are charged with the administration and management of the Public Employees Retirement System and have responsibility for implementing the provisions of *W. Va. Code*, 5–10–1 *et seq.*

The appellants are not members of, and have not been retired by: the State Teachers Retirement System; the Judges Retirement System; the Retirement System of the Department of Public Safety; or any retirement system for either, or both, policemen or firemen. Each of the appellants notified the Public Employees Retirement System of his intention to become a member of the system, and filed a membership enrollment form as prescribed by the Board of Trustees. Each has authorized his board of education to deduct from his compensation his contribution to the retire-

ment fund as provided in *W. Va. Code*, 5–10–29(b) [1971]. The Public Employees Retirement System and its Board of Trustees has refused to enroll the appellants as members of the retirement system.

Originally, appellants sought a writ of mandamus in the Circuit Court of Kanawha County to compel the appellees to enroll them as members of the West Virginia Public Employees Retirement System. The case was submitted to the circuit court upon briefs and the argument of counsel. The circuit court found, as a matter of law, that county boards of education are not "legislative bodies" within the meaning of *W. Va. Code*, 5–10–2(6) [1985]. Therefore, the Court held, members of county boards of education are not eligible for membership in the West Virginia Public Employees Retirement System. We must now determine whether members of boards of education are members of the legislative body of a political subdivision. We conclude that they are and reverse the circuit court.

This entire case hinges on the meaning of *W. Va. Code*, 5–10–2(6) [1985] which says in part:

> Provided, That members of the state Legislature, the Clerk of the House of Delegates, the Clerk of the state Senate, employees of the state Legislature whose term of employment is otherwise classified as temporary and who are employed to perform services required by the Legislature for its regular sessions or during the interim between regular sessions and who have been or are so employed during regular sessions or during the interim between regular sessions for ten or more years, *members of the legislative body of any political subdivision* and judges of the state court of claims shall be considered to be employees, anything contained herein to the contrary notwithstanding. In any case of doubt as to who is an employee within the meaning of this article the board of trustees shall decide the question. [emphasis added]

Members of the West Virginia county commissions are permitted by the Public Employees Retirement System to enroll as members, notwithstanding that the definition of employees contained in *Code*, 5–10–2(6) [1985] does not specifically include

members of county commissions. County commissioners qualify as members of the legislative body of a political subdivision. Appellants point out that members of boards of education as well as members of county commissions are elected by the voters of their counties at large and perform legislative functions within a political subdivision.

The term "political subdivision" is defined in *W. Va. Code*, 5-10-2(4) [1985] as follows:

"Political subdivision" means the state of West Virginia, a county, city or town in the state; *a school corporation or corporate unit;* any separate corporation or instrumentality established by one or more counties, cities or town, as permitted by law; any corporation or instrumentality supported in most part by counties, cities or towns; any public corporation charged by law with the performance of a governmental function and whose jurisdiction is coextensive with one or more counties, cities or towns, any agency or organization established by, or approved by the department of mental health for the provision of community health or mental retardation services, and which is supported in part by state, county or municipal funds. [emphasis added]

County boards of education are public corporations created by the legislature by general law. *W. Va. Code*, 18-5-5 [1933]. *Herald v. Board of Education*, 65 W.Va. 765, 65 S.E. 112 (1909). A county board of education is a political subdivision of the state exercising an essential governmental function of the state. *Boggs v. Board of Education of Clay County*, 161 W.Va. 471, 244 S.E.2d 799 (1978). Furthermore, within constitutional and statutory limits, a county board of education has the authority to levy taxes for the support of the public schools of the county. *W. Va. Code*, 11-8-6c [1961], *W. Va. Const.* art. X, §§ 7, 8 and 10.

The jurisdiction of a school district includes all of the territory in one county, *W. Va. Code*, 18-1-3 [1933], and the board is given broad authority to control and manage the schools and school interests for all school activities and upon all school property. The board's powers include, but are not limited to, the power to: establish schools; close schools; employ teachers and assign them; employ other personnel; and, make rules and regulations for the government of the schools. *W. Va. Code*, 18-5-13 [1988].

Because *W. Va. Code*, 5-10-2(4) [1985] specifically includes a school corporation or corporate unit within the definition of "political subdivision," and because *W. Va. Code*, 5-10-2(6) [1985] specifically extends retirement benefits to "members of the legislative body of any political subdivision," we must conclude that boards of education are the "legislative body" of "a school corporation." Although the statutes could have been drafted more clearly, the result the legislature sought to achieve appears to be to include local school boards within the retirement system. Ordinarily one does not think of a school board as a "legislative body," but at the same time one also ordinarily does not think of a school corporation as a "political subdivision." Certainly if a school corporation is a political subdivision, then the school board is its legislative body.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded with directions to award the writ of mandamus.

REVERSED AND REMANDED WITH DIRECTIONS.