401 S.E.2d 916

STATE of West Virginia ex rel. Everett W. DILLEY, Norman R. Harlan, Ronald B. Henry, Warren H. Hosaflook, Harlan W. Kinnison, Mathew W. Kinsolving, Bryce A. Legg, Marion A. Mace, Stanley J. McNeill, Jimmy David Morris, James L. Reaser, Harry A. Stansbury, and Virgil G. Tacy, Jr.

v.

WEST VIRGINIA PUBLIC EMPLOYEES RETIREMENT SYSTEM, a Public Body Corporate; Glen B. Gainer, A. James Manchin, John F. McCuskey, Charles F. Fox, and Elizabeth Poundstone, as Members of the Board of Trustees of the West Virginia Public Employees Retirement System.

No. 19614.

Supreme Court of Appeals of West Virginia.

Feb. 13, 1991.

Mario J. Palumbo, Atty. Gen., James A. Swart, Asst. Atty. Gen., Attorney General's Office, Charleston, for WV Public Employees Retirement System.

John O. Kizer, Kay, Casto, Chaney, Love & Wise, Charleston, for State ex rel. Everett W. Dilley et al.

1. W.Va.Code, 5–10–2(6), was amended in 1988. The current statute defines "employee" as

"any person who serves regularly as an officer or employee, full time, on a salary basis, whose tenure is not restricted as to temporary or provisional appointment, in the service of, and whose compensation is payable, in whole or in part, by any political subdivision, or an officer or employee whose compensation is calculated on a daily basis and paid monthly or on completion of assignment, including

MILLER, Chief Justice:

This is an appeal by the respondents below, the West Virginia Public Employees Retirement System (PERS) and its Board of Trustees (Board), from an order of the Circuit Court of Kanawha County, dated March 29, 1990, requiring the respondents to enroll the petitioners below, all current or former elected members of county boards of education (county boards), in the system. The respondents contend that the petitioners have not satisfied all of the statutory and/or administrative qualifications for membership in PERS. We agree, and we reverse the judgment of the circuit court.

These parties were initially before this Court on an appeal from the circuit court's denial of the petitioners' requests for a writ of mandamus to compel the respondents to enroll them in PERS. *State ex rel. Dilley v. West Virginia Pub. Employees Retirement Sys.*, 180 W.Va. 24, 375 S.E.2d 202 (1988). The respondents had rejected the applications on the ground that the petitioners were not "employees" within the meaning of the West Virginia Public Employees Retirement Act, W.Va.Code, 5–10–1, *et seq.* We concluded that they were, stating in the Syllabus:

"Elected members of a county board of education are 'members of the legislative body of [a] political subdivision' within the meaning of *W.Va.Code*, 5–10–2(6) [1985] because they are the governing body of 'a school corporation' included within the definition of 'political subdivision' in *W.Va.Code*, 5–10–2(4) [1985]; therefore, elected members of county boards of education may join the West Virginia Public Employees Retirement System."[1]

technicians and other personnel employed by the West Virginia national guard whose compensation, in whole or in part, is paid by the federal government: Provided, That members of the state Legislature, the clerk of the House of Delegates, the clerk of the state Senate, employees of the state Legislature whose term of employment is otherwise classified as temporary and who are employed to perform services required by the Legislature for its regular sessions or during the interim be-

We disposed of the case by reversing the circuit court's order and remanding the case "with directions to award the writ of mandamus." 180 W.Va. at 26, 375 S.E.2d at 204.

Upon remand, the circuit court, by order dated December 7, 1988, issued a writ of mandamus directing the respondents to enroll the petitioners in PERS. At a meeting conducted on March 16, 1989, the Board voted to seek the assistance of the Attorney General's office in interpreting our opinion in *Dilley* and in compiling guidelines for its implementation.

By letter dated June 8, 1989, an assistant attorney general advised the respondents that under *Dilley*, current members of county boards were entitled to participate in PERS only so long as they met all other membership qualifications imposed by statute and by the rules and regulations of the Board. The letter also stated that the entitlement of county board members to retroactive service credit should be determined by the Board in accordance with statutory authority and its rules. Finally, the Board was informed that applicants who had retired from other public retirement systems were ineligible for PERS membership.

By letter dated December 5, 1989, the Board advised the petitioners that although members of county boards were considered "employees" for purposes of PERS membership, they were not eligible to participate in PERS unless the county board elected to become a "participating public employer" within the meaning of the retirement act.[2] The Board also stated that even if such an election were made, the individual county board members would still be subject to the Board's rules and regulations with regard to contributions and retroactive service credit.

On March 13, 1990, the petitioners instituted contempt proceedings in the Circuit Court of Kanawha County. A rule to show cause why the respondents should not be held in contempt for failure to obey the December 7, 1988 writ of mandamus was issued and made returnable on March 27, 1990.

In their memorandum in opposition to the petition for contempt, the respondents argued that compliance with the circuit court's order was impossible because the appropriate county boards had not yet elected to become participating public employers so as to qualify the petitioners for PERS membership. The respondents further asserted that it was impossible for the county boards to become participating public employers due to statutory conflicts and the lack of specific legislative authority to appropriate funds for PERS membership.

On March 29, 1990, the circuit court ruled that the respondents' interpretation of *Dilley* was incorrect and ordered them to enroll the petitioners in PERS without regard to other statutory or administrative prerequisites for membership. The court withheld decision on the issuance of the contempt citation until further notice. The respondents' petition for appeal was filed with this Court on March 30, 1990.

## I.

The first issue on appeal is whether the trial court erred in concluding that under *Dilley* the respondents were required to

---

tween regular sessions and who have been or are so employed during regular sessions or during the interim between regular sessions for eight or more years, members of the legislative body of any political subdivision and judges of the state court of claims shall be considered to be employees, anything contained herein to the contrary notwithstanding. In any case of doubt as to who is an employee within the meaning of this article the board of trustees shall decide the question[.]"
This provision is substantially similar to the statute relied on in *Dilley*. 180 W.Va. at 25, 375 S.E.2d at 203.

**2.** W.Va.Code, 5–10–2(5) (1988), provides:

"'Participating public employer' means the state of West Virginia, any board, commission, department, institution or spending unit, and shall include any agency created by rule of the supreme court of appeals having full-time employees, which for the purposes of this article shall be deemed a department of state government; and any political subdivision in the state which has elected to cover its employees, as defined in this article, under the West Virginia public employees retirement system[.]"

enroll the petitioners in PERS without regard to other statutory or administrative requirements for membership. The petitioners insist that our opinion in *Dilley* gives them an absolute right to become members of PERS.

■ We do not believe that our intent can be so broadly stated. In *Dilley*, we determined only that county board members came within the definition of "employee" in W.Va.Code, 5–10–2(6). Other statutory or administrative requirements for enrollment in PERS were not raised in that appeal, nor were they discussed in our opinion. Our decision should be read merely as directing the circuit court to issue a writ of mandamus to compel the respondents to accept the petitioners as employees within the meaning of W.Va.Code, 5–10–2(6). To the extent that the circuit court's order exceeded these directions, it is in error.

## II.

The respondents also contend that the petitioners have not demonstrated their entitlement to PERS membership in this particular case. Specifically, the respondents assert that the petitioners have not demonstrated that the county boards of which they are members were "participating public employers" within the meaning of the retirement act. The petitioners contend that they are not required to make such a showing.

3. The full text of W.Va.Code, 5–10–17(a), is:
    "The membership of the retirement system shall consist of the following persons:
    "(a) All employees, as defined in section two [§ 5–10–2] of this article, who are in the employ of a political subdivision the day preceding the date it becomes a participating public employer and who continue in the employ of the said participating public employer on and after the said date shall become members of the retirement system; and all persons who become employees of a participating public employer on or after the said date shall thereupon become members of the system; except as provided in subdivisions (b) and (c) of this section."

4. For the full text of W.Va.Code, 5–10–2(5), see note 2, *supra*.

5. W.Va.Code, 5–10–16, provides:

■ W.Va.Code, 5–10–17(a) (1985), states that, except as otherwise provided, the membership of PERS shall consist of "employees ... who are in the employ of a political subdivision the day preceding the date it becomes a participating public employer and who continue in [its] employ ... on and after the said date[.]" [3] The definition of "participating public employer" contained in W.Va.Code, 5–10–2(5) (1988), includes "any political subdivision ... which has elected to cover its employees, as defined in this article[.]" [4] Under W.Va.Code, 5–10–16, a political subdivision may elect to become a participating public employer by a three-fifths vote of its governing board or by a majority vote of its electors. [5] In *Dilley, supra,* we recognized that a county board was a political subdivision.

The petitioners, however, argue that these provisions are not applicable to them. They assert that W.Va.Code, 5–10–17(a) is expressly limited by the provisions of W.Va.Code, 5–10–17(c) (1985), which state that a member of the legislative body of a political subdivision, among others, "shall become a member of [PERS] provided he notifies [PERS] in writing of his intention to be a member of the system and files a membership enrollment form as the [Board] shall prescribe[.]" The statute further provides that each of the named persons "upon filing his written notice to participate in [PERS], shall by said act authorize" the deduction of his or her member's contribution under W.Va.Code, 5–10–29 (1971). [6] The petitioners argue that the

"The state of West Virginia shall become a participating public employer effective July one, one thousand nine hundred sixty-one. Any other political subdivision may by a three-fifths vote of its governing body, or by a majority vote of its electors, elect to become a participating public employer and thereby include its employees in the membership of the retirement system. It shall be the duty of the clerk or secretary of each such political subdivision electing to become a participating public employer to certify the determination of the political subdivision to the board of trustees within ten days from and after the vote of the governing body or the canvass of votes upon such action."

6. W.Va.Code, 5–10–17(c), provides, in full:
    "Any member of the state Legislature, the Clerk of the House of Delegates, the Clerk of

clear intent of this provision is to allow the members of such bodies to seek and obtain PERS membership on an individual basis without fulfilling the requirements of W.Va.Code, 5–10–16. The petitioners contend that the county board is already a "participating public employer" because it is a "board, commission, department, institution or spending unit" within the meaning of W.Va.Code, 5–10–2(5).

The flaw in the petitioners' argument is that it does not take into account the obligations of a participating public employer under the retirement act. The annuities of PERS members are funded, in part, by the contributions of participating public employers. *See* W.Va.Code, 5–10–31 (1970); 5–10–31a (1980); 5–10–32; 5–10–33 (1963). In addition, the expenses of administering PERS are paid by the same employers. W.Va.Code, 5–10–37.[7]

The petitioners do not explain who is to be responsible for making these contributions on their behalf if they are granted the unconditional enrollment they seek. Clearly, the employer contribution cannot be dispensed with altogether. In Syllabus Points 3 and 5 of *Dadisman v. Moore*, 181 W.Va. 779, 384 S.E.2d 816 (1988), we stated:

"3. The 'body corporate' of the public employees retirement system constitutes a trust. The terms of the trust contract are spelled out in the PERS statute. W.Va.Code § 5–10–1 *et seq.*"

\* \* \* \* \* \*

"5. The PERS Trustees have the highest fiduciary duty to maintain the terms of the trust, as spelled out in the statute."

To require the Board to enroll applicants as members of PERS without the required employer contributions would force the Board to violate its fiduciary responsibility and compromise the actuarial integrity of the system to the detriment of all its members. The legislature cannot have intended such a result.

Instead, the petitioners' silence implies that they expect their county boards to make the employer's contribution to PERS even though they have not consented to take on that responsibility. Under the petitioners' theory, the mere filing of the appropriate membership form with the Board would be sufficient to compel a political subdivision to make employer contributions on behalf of certain employees without regard to whether such political subdivision desired or was fiscally able to make such contributions. If a political subdivision refuses or is unable to make the required employer contributions, state law provides that the delinquency may be withheld from monies due from the State.[8] In essence,

the state Senate, any employee of the state Legislature whose employment is otherwise classified as temporary and who is employed to perform services required by the Legislature for its regular sessions or during the interim between regular sessions and who has been or is so employed during regular sessions or during the interim between sessions for ten or more years, or any member of the legislative body of any other political subdivision shall become a member of the retirement system provided he notifies the retirement system in writing of his intention to be a member of the system and files a membership enrollment form as the board of trustees shall prescribe, and each person, upon filing his written notice to participate in the retirement system, shall by said act authorize the Clerk of the House of Delegates or the Clerk of the state Senate or such person or legislative agency as the legislative body of any other political subdivision shall designate to deduct such member's contribution, as provided in subsection (b), section twenty-nine [§ 5–10–29] of this article, and after said deductions have been made from said member's compensation, such deductions shall be forwarded to the retirement system."

7. Member employees are also required to contribute to the system. W.Va.Code, 5–10–29 (1971); 5–10–31a.

8. W.Va.Code, 5–10–33(b), provides:

"If any participating public employer, other than the state, fails to make any payment due the retirement system for a period of sixty days after the payment is due, the participating public employer shall become delinquent, and such delinquency shall be certified to the state auditor by the board of trustees. If any participating public employer becomes delinquent, as provided herein, the state auditor is authorized and directed to withhold any money due such participating public employer by the state until such delinquency, together with regular interest thereon, from the date due, is satisfied. Such money so withheld by the state auditor shall be paid to the retirement system."

the political subdivision has no choice in the matter and may even be held for ransom by unscrupulous employees.

It is clear that the legislature intended for political subdivisions other than the State to have a choice in assuming the burdens of participating in PERS. Under W.Va.Code, 5–10–16, the State is made a participating public employer by law, while political subdivisions are given a choice, which they may exercise in the manner specified.[9] The statutory definition of "participating public employer" includes only those political subdivisions "which [have] elected to cover [their] employees" under PERS. W.Va.Code, 5–10–2(5).

Moreover, we have repeatedly held that the actions of one member of a corporate body cannot bind the entire body. In *Pennsylvania Lightning Rod Co. v. Board of Education of Cass Township*, 20 W.Va. 360 (1882), the plaintiff had contracted with each of the board of education members separately and individually to furnish and erect lightning rods on various school buildings. The Court of that day held that the contract was unenforceable, stating in Syllabus Point 3:

"The members of a corporation aggregate cannot separately and individually give their consent, or enter into a contract, in such a manner as to oblige themselves as a collective body or board."

*See Edwards v. Hylbert*, 146 W.Va. 1, 118 S.E.2d 347 (1960) (city council); *Daugherty v. Ellis*, 142 W.Va. 340, 97 S.E.2d 33 (1956) (county commission); *Goshorn's Ex'rs v. County Court*, 42 W.Va. 735, 26 S.E. 452 (1896) (county court); *Honaker v. Board of Ed.*, 42 W.Va. 170, 24 S.E. 544 (1896) (county board of education).

As a consequence, we conclude that the legislature did not intend, by the enactment of W.Va.Code, 5–10–17, to permit members of the legislative bodies of political subdivisions to become members of PERS, and thereby compel their employer governing bodies to contribute to that system, merely by filing an appropriate form with the Board. To qualify for membership in PERS, members of the legislative bodies of political subdivisions must demonstrate that the political subdivision has elected to become a "participating public employer" in the manner specified in W.Va. Code, 5–10–16.

In Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969), we set the standards for issuance of a writ of mandamus:

"A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy."

There is no evidence in the record that the county boards of which the petitioners are members have become participating public employers within the meaning of the retirement act. Consequently, the petitioners have failed to meet their burden of showing entitlement to the relief prayed for. The order of the circuit court is, therefore, reversed.

### III.

The respondents also contend that the county boards are not eligible to become participating public employers because most county board employees are already members of the Teachers Retirement System. *See* W.Va.Code, 18–7A–1, *et seq.* The respondents cite no law for their position.

W.Va.Code, 5–10–17(b) (1985), provides, in part: "The membership of [PERS] shall not include any person who is a member of, or who has been retired by, the state teachers retirement system[.]"[10]

9. For the text of W.Va.Code, 5–10–16, see note 5, *supra.*

10. W.Va.Code, 5–10–17(b), provides:
"The membership of the retirement system shall not include any person who is a member of, or who has been retired by, the state teachers retirement system, the judges retirement system, the retirement system of the department of public safety, or any municipal retirement system for either, or both, policemen or firemen; and the West Virginia de-

However, this statute, by its terms, addresses only the eligibility of *employees* who are members of other retirement systems. Nothing in W.Va.Code, 5–10–17(b), excludes employers from participating in more than one system.[11]

■ The respondents also assert that county boards have no express statutory authority to appropriate and expend funds for the employer contribution to the PERS pension fund. They rely on Syllabus Point 1 of *Evans v. Hutchinson*, 158 W.Va. 359, 214 S.E.2d 453 (1975):

"A board of education is a corporation created by statute with functions of a public nature expressly given, and no other; as such, it can exercise only such power as is expressly conferred or fairly arises by necessary implication, and only in the mode prescribed or authorized by statute."

*See Bailey v. Truby*, 174 W.Va. 8, 321 S.E.2d 302 (1984).

We note, however, that we have applied a similar rule to county commissions. *State ex rel. County Court v. Arthur*, 150 W.Va. 293, 145 S.E.2d 34 (1965); *Daugherty v. Ellis, supra; Barbor v. County Court*, 85 W.Va. 359, 101 S.E. 721 (1920); *Goshorn's Ex'rs v. County Court, supra.* While county commissions have no express statutory authority to appropriate and expend funds for contributions to PERS, they apparently have, nevertheless, been allowed to participate in PERS as employers. *See, e.g., West Virginia Pub. Employees Retirement Sys. v. Dodd*, 183 W.Va. 544, 396 S.E.2d 725 (1990). In these circum-

stances, we cannot say that county boards should be excluded from the same participation.

Finally, the respondents raise several other issues concerning the specifics of the petitioners' eligibility for membership: Are former county board members eligible for membership in PERS? Are petitioners who are allowed membership in PERS eligible for retroactive service credit? What will be the employer and employee contribution rates? What amount of "on duty" time must a member have before qualifying for a year of contributing service?

■ Clearly, not all of these issues are properly before us. We reiterate that the petitioners' membership in PERS is governed by the provisions of the retirement act and by those rules and regulations of the Board which are not in conflict with either statute or the decisions of this Court. Thus, for example, it would appear that under W.Va.Code, 5–10–17(a), which limits membership to those "in the employ of a political subdivision the day preceding the date it becomes a participating public employer," PERS membership is restricted to current members of county boards. Other questions regarding the specifics of individual membership should be addressed by the Board with regard to the appropriate statutory and administrative authority.

## IV.

In sum, then, we conclude that the circuit court erred in holding that the petitioners were entitled to enrollment in PERS without regard to other statutory and adminis-

partment of employment security, by the commissioner of such department, may elect whether its employees will accept coverage under this article or be covered under the authorization of a separate enactment: Provided, That such exclusions of membership shall not apply to any member of the state Legislature, the Clerk of the House of Delegates, the Clerk of the state Senate or to any member of the legislative body of any political subdivision provided he once becomes a contributing member of the retirement system: Provided, however, That any retired member of the retirement system of the department of public safety, and any retired member of any municipal retirement system for either, or both, policemen or firemen may

on and after the effective date of this section [June 11, 1976] become a member of the retirement system as provided in this article, without receiving credit for prior service as a municipal policeman or fireman or as a member of the department of public safety."

11. We also note that W.Va.Code, 5–10–17(b), expressly exempts from its operation members of the legislative body of a political subdivision. *See* note 10, *supra.* Thus, neither this statute nor the equivalent rules and regulations of the Board would preclude the petitioners from obtaining PERS membership because of their membership in another retirement system.

trative qualifications. The petitioners are subject to all statutes and valid rules and regulations of the Board which govern the membership in PERS of members of the legislative body of a political subdivision. We find no provision of the retirement act which excludes the petitioners, as a class, from membership in PERS.

As individuals, however, the petitioners have failed to demonstrate on the record that they have satisfied all of the requirements for enrollment in PERS. In the absence of such a showing, there is neither a clear legal right in the petitioners nor a legal duty on the part of the respondents which would justify the issuance of a writ of mandamus to compel the petitioners' enrollment in PERS. Accordingly, we conclude that the circuit court erred in ordering the respondents to enroll the petitioners in PERS without regard to other statutory or administrative requirements.

For the reasons stated above, we reverse the judgment of the Circuit Court of Kanawha County.

Reversed.